### BANK OF MANNING v. MELLETT.

1. A CIRCUIT JUDGE AT HIS CHAMBERS, OUTSIDE OF THE CIRCUIT in which the matter depends, has no jurisdiction to hear, without consent, a return to a rule to show cause, and grant an order setting aside a judgment by default, even though the order for the rule to show cause was granted in the Circuit. Would consent give jurisdiction?

Before TOWNSEND, J., Sumter, November, 1894.

Motion by Emma J. Mellett to set aside a judgment by default entered against her in the case of Bank of Manning *v.* Emma J.

Mellett and John B. Mellett. A rule to show cause was issued by Judge Townsend in Sumter while holding the courts of that Circuit, but made returnable at his home in Union in another Circuit. In his order he reviews the testimony as to service of the summons, and then decrees that the judgment be set aside.

*Messrs. A. Levi* and *R. O. Purdy,* for appellant.

*Mr. B. Pressley Barron,* contra.

July 11, 1895. The opinion of the court was delivered by

MR. JUSTICE GARY. This was an action by the plaintiff against the defendants to foreclose a mortgage executed by Emma J. Mellett in favor of the Bank of Manning. The only allegation of the complaint in regard to John B. Mellett is, that he is the husband of Emma J. Mellett, and resides with her on the premises described in the mortgage. T. B. Fraser, jr., Esq., who was appointed special referee herein, made his report, in which he finds as matter of fact, that on the night of the 12th of September, 1894, one B. F. Ridgill, a deputy sheriff of Clarendon County, served the defendant, Emma J. Mellett, by leaving a copy of the summons and complaint herein with her husband, John B. Mellett, at her residence. Neither party answered, and there was judgment of foreclosure by default. The plaintiff advertised the land for sale, whereupon Emma J. Mellett filed her petition, addressed to the Honorable D. A. Townsend, Circuit Judge, in which she prays as follows: "Wherefore your petitioner prays, that the judgment be vacated, and your petitioner be allowed to answer the complaint; that your petitioner have such other and further relief as the equities of the case present, and to your honor seems meet."

His honor, Judge Townsend, while in the Circuit granted a rule to show cause before him at Union, S. C., on the 17th day of November, 1894, why the prayer of the petitioner should not be granted, also a temporary restraining order. On the 17th day of November, 1894, his honor, Judge Townsend, by consent of plaintiff's and defendants' attorneys, made an order that it be referred to T. B. Fraser, jr., special referee, to take testimony as to the service of the summons and complaint upon

Emma J. Mellett in the above stated case, and to report the testimony and his conclusions thereon, within five days after the holding of said reference; and that said reference be held on the 22d day of November, or some subsequent day to be appointed by said referee. After the special referee, T. B. Fraser, jr., Esq., made his report, his honor, Judge Townsend, filed his decree, which will be incorporated in the report of the case. To this decree the plaintiff's attorney filed several exceptions, one of which is: "Because his honor was wholly without jurisdiction in granting the order complained of, and the same is null and void."

His honor, in his decree, says, this is a motion by Emma J. Mellett to set aside the *judgment* rendered herein against her by default. The decretal part of his order is, that the report of the special referee be reversed, and that the said *judgment* be, and the same is hereby, set aside and vacated as to Emma J. Mellett. Section 2247 of the Revised Statutes provides that, "The judges of the Courts of Common Pleas shall have power at chambers to grant writs of prohibition, mandamus, and certiorari, and to hear and determine motions to set aside or stay executions, in the same manner in every respect as if the court was actually sitting, and, with the consent of all such adult parties as may have answered, or their attorneys in the cause, and of the guardian *ad litem* of infants therein, to hear and determine any matter not properly triable before a jury, &c." Section 2248 (*Ibid.*) provides that: "Every judge, while holding the Circuit Court for any Circuit, pursuant to the provisions of the law of this State, shall be invested with powers equal to those of the judge of such Circuit, and may hear and determine all causes and motions, and grant all orders in open court or at chambers which it is competent for the judge residing in such Circuit to hear, determine or grant, any law, usage or custom to the contrary notwithstanding." Subdivision 4 of section 402 of the Code provides that: "Motions upon notice must be made within the Circuit in which the action is triable, or in the absence or inability of the judge of the Circuit, may be made before the resident or presiding judge adjoining that in which it is triable."

We do not think Judge Townsend had jurisdiction in the premises, because, even if it should be conceded that consent of the parties would have enabled him to hear the case at chambers at Union, S. C., no such consent was given as is contemplated by the statute, and the setting aside and vacating a *judgment* at chambers is not one of the powers conferred upon a Circuit Judge by section 2247 of the Revised Statutes. The following authorities bear more or less upon this question: *Thomas* v. *Raymond*, 4 S. C., 347; *Ex parte Parker*, 6 *Id.*, 472; *Chafee* v. *Rainey*, 21 *Id.*, 11; *Coleman* v. *Keels*, 30 *Id.*, 614; *Barrett* v. *James, Ibid.*, 329; *State* v. *Black*, 34 *Id.*, 194; *Calhoun* v. *Railroad Co.*, 42 *Id.*, 132. As Judge Townsend did not have jurisdiction in the premises, it would not be proper for this court to decide the question raised by the other exceptions.

It is the judgment of this court, that the order of the Circuit Judge be reversed.