WYLIE, CLERK, v. COMMERCIAL AND FARMERS BANK.

1. Pleading—Cause of Action.—This complaint held to state facts sufficient to constitute a cause of action on the bond sued on, in that the check drawn by the receiver was in accordance with order authorizing him so to do.

2. Bond—Delivery.—A delivery of a bond by obligors to one of them, and by him to attorney of party in interest, who held same for several months and delivered it to obligor, is sufficient delivery of bond.

3. IBID.—EVIDENCE—PAROL—WRITTEN INSTRUMENT.—The liability of an obligor on an indemnity bond cannot be modified by parol evidence that he understood he was signing a petition, or that others would sign the bond.

4. RES JUDICATA.—Decree in one case finding amount due a receiver on deposit in insolvent bank in suit to which all parties here were there before the Court, is *res judicata* in this action against same parties as obligors in indemnity bond for same fund.

5. RECEIVER—BANK—PAYMENT.—DEMAND for payment by defendant bank in hands of receiver is properly made by drawing a check on the bank and presenting to and demanding payment of receiver.

6. BANK—ULTRA VIRES.—BOND executed by a bank with its officers as sureties to secure deposits in bank, and to which additions are afterwards made by reason of the bond, is not *ultra vires* and contrary to law, but is based on valuable consideration.

7. REVENUE STAMPS.—Failure to put on bond stamps required by U. S. revenue laws does not invalidate it.

8. BOND—CHARGE.—Where obligor admits signing bond, and witnesses whose names appear on the bond say they did not see him sign, it is not a charge on the facts for Judge to instruct the jury that the bond is valid without witnesses to the signature.

Before TOWNSEND, J., York, April, 1901.    Affirmed.

Action by W. Brown Wylie, clerk, against Commercial and Farmers Bank, A. E. Smith, A. H. White, R. Lee Kerr, W. C. Hutchison and V. Brown McFadden.    From judgment for plaintiff, defendants appeal.

*Messrs. Finley & Brice, J. F. Hart* and *Witherspoon & Spencers,* for appellants.    *Messrs. Finley & Brice* and *Hart,* cite: *Proof of presentation to receiver alone is not sufficient demand:* 2 Dan. Neg. Inst., sec. 1596; 2 N. & McC., 433; 9 Wheat., 703; 51 S. C., 124.    *Amount found in former suit not res judicata here:* 17 S. C., 42; 7 Wall., 106; 56 S. C., 510.

*Messrs. Wilson & Wilson* and *Thos. F. McDow,* contra (no citations).

April 10, 1902.    The opinion of the Court was delivered by

MR. JUSTICE POPE. This action was begun on the 8th
day of November, 1900. It will facilitate the investigation
her involved if a brief recapitulation of the events entering
into this controversy be made. The Rock Hill Cotton Fac- .
tory was a manufacturing corporation located at Rock Hill,
S. C. In ·January, 1899, one of its largest creditors, Mr.
A. E. Hutchison, began an action against such corporation
and its stockholders to have that corporation placed in the
hands of a receiver, its property sold, to call in creditors,
to enjoin creditors from suing, &c. An order was made in
that action appointing R. Lee Kerr its receiver, and enjoin-
ing suit by creditors. After answers were in, an application
was made to have the temporary receiver made permanent
receiver. This was ordered in June, 1899. The property
was sold. The receiver, R. Lee Kerr, reported to the Court
that he had made the Commercial and Farmers Bank of
Rock Hill, S. C., the depository of the fund in his hands as
such receiver. The plaintiff, A. E. Hutchison, in the action,
being a large creditor of the Rock Hill Cotton Factory, was
himself adjudged a bankrupt, and Thos. F. McDow, Esq.,
of the York bar, was appointed trustee of the estate of said
A. E. Hutchison, bankrupt. During the latter part of No-
vember, 1899, Thomas F. McDow, Esq., as trustee, having
heard rumors that the Commercial and Farmers Bank of
Rock Hill, S. C., was embarrassed in its finances, spoke to
the receiver of the cotton mill, R. Lee Kerr, and told him
of the rumors which had reached him touching said bank,
and also told him that representing the creditors of the
defunct cotton mill, he would have to move for the assets of
said cotton mill to be removed to some safer place of deposit
of said funds. The said R. Lee Kerr, who was cashier of
the Commercial and Farmers Bank, asked if the said bank,
with certain named persons as indorsers, entered into a
bond to pay the receiver's checks when drawn under orders
of the Court in the case of Hutchison, as plaintiff *v.* Rock
Hill Cotton Factory *et al.,* as defendants, would that relieve
McDow as to his apprehensions of danger to the cotton mill

assets on deposit in the bank. To this inquiry Mr. McDow replied that such an arrangement would be satisfactory. Accordingly, a conference was held between several lawyers at Yorkville, S. C., and Mr. Kerr; a bond was drawn by Mr. Charles E. Spencer, which was carried to Rock Hill, and after being copied by Mr. Kerr, the defendants to the present action signed the same on the 1st day of December, 1899, in the penal sum of $50,000, payable to W. Brown Wylie, as clerk of the Court of Common Pleas for York County, conditioned: "Whereas, R. Lee Kerr, receiver of the assets of the Rock Hill Cotton Factory, duly appointed by said Court in the case of A. E. Hutchison against Rock Hill Cotton Factory Company *et al.,* has with leave of the said Court made the said Commercial and Farmers Bank depository of the funds already or to come into his hands as such receiver. Now the condition of this obligation is such that if said bank shall well and truly pay any and all checks of said receiver upon said funds, drawn agreeably to the decrees of said Court in said proceedings, without fraud or further delay, then the above obligation to be void and of none effect, or else to remain in full force and virtue."

On the 31st day of January, 1900, the said R. Lee Kerr, as receiver, deposited with the said Commercial and Farmers Bank the sum of $16,000 of the assets of the Rock Hill Cotton Factory Company, and on the 3d day of February, 1900, at the suit of A. Hutchison, as plaintiff, against the Commercial and Farmers Bank of Rock Hill, S. C., and others, as defendants, D. Hutchison was appointed receiver of said bank. In June, 1900, the said R. Lee Kerr, as receiver, reported to the Court in the case of A. E. Hutchison against the Rock Hill Cotton Factory Company *et al.,* that he had the sum of $31,000 and some hundred dollars in the said Commercial and Farmers Bank, which was also protected by the obligation or bond heretofore referred to. At first it was thought the bank was only temporarily in financial straits, and that its assets would ultimately produce a sum sufficient to pay all its liabilities, of which the claim of

R. Lee Kerr was adjudged to be one. Events conspired to render this liability of the bank to pay all of its debts quite uncertain. Accordingly, in the month of September, 1900, his Honor, Judge Benet, pronounced a decree wherein he ordered the said receiver, R. Lee Kerr, to draw his check, as receiver, for all the funds to his credit as receiver in said bank in favor of W. Brown Wylie, as clerk of said Court. Accordingly R. Lee Kerr, as said receiver, drew his check as said receiver, payable to the said W. Brown Wylie, clerk of the Court, for the balance, to wit: $26,314.02, to the credit of said R. Lee Kerr, as receiver, in the Commercial and Farmers Bank of Rock Hill, S. C., which check was presented to the receiver, D. Hutchison, of said Commercial and Farmers Bank of Rock Hill, S. C., and was refused payment. By Judge Benet's decree, it was provided that if payment of said check was refused, an action should be instituted forthwith on the guaranty bond. The action at bar is the result of the foregoing history of the events preceding it. The complaint in a concise form alleges as the plaintiff's cause of action the foregoing facts. The answers of the defendants, the Commercial and Farmers Bank of Rock Hill, D. Hutchison, as receiver, A. E. White, W. C. Hutchison and R. Lee Kerr, deny every allegation of the complaint. The defendant, V. Brown McFadden, in his answer, by the first paragraph denies the allegations of the complaint; by the second paragraph, he alleges that if his name appears on the bond sued upon, that the same was obtained by representing to him that the same was a petition requesting the Court that certain funds be deposited in the bank, and that he was not aware at the time of the nature of the obligation. Third, that he denies that such bond was ever delivered to the plaintiff, and he denies that the plaintiff has any right, power or authority to institute this action. Fourth, that if such bond was executed, it was without consideration, and is null and void as it affects this defendant. Fifth, that he denies the bank's power to execute such bond as that sued on, and denies further that the plaintiff had any

right, power or authority to accept such bond. And sixth, he denies that any liability has ever been incurred upon said bond, and that if any has been incurred, he alleges that the same has been paid.

When the cause came on to be heard before Judge Townsend and a jury, the defendants demurred to the complaint, in that it failed to state a cause of action. The grounds were reduced to writing and are. as follows: "Counsel for W. C. Hutchison, one of the defendants, moves that the complaint be dismissed as to him, upon the ground that it does not state facts sufficient to constitute a cause of action, in that: The decree of Judge Benet, under which this action is brought, bearing date September 24th, 1900, directs as follows on page 3 of the decree at the bottom: 'Said receiver is further ordered and directed to forthwith draw his check on the Commercial and Farmers Bank of Rock Hill, S. C., in favor of W. Brown Wylie, clerk of this Court;' the decree is headed clerk of the Court of Common Pleas, 'for the amount remaining on his credit on the books of said Commercial and Farmers Bank of Rock Hill, S. C. If payment of said check is refused, said clerk is authorized and directed to bring suit upon the guaranty bond made in behalf of the said Commercial and Farmers Bank as security for the deposit of the receiver's fund.' The complaint alleges in paragraph 4, 'R. Lee Kerr, as receiver for the Rock Hill Cotton Factory Company, was forthwith ordered to draw his check on the Commercial and Farmers Bank of Rock Hill, in favor of W. Brown Wylie, clerk of said Court, for the amount of the deposits remaining to his credit on the books of the said Commercial and Farmers Bank of Rock Hill, and if payment of said check is refused, the plaintiff herein was therein authorized and directed to bring suit on the guaranty bond, set forth in paragraph 4th of the complaint. The complaint proceeds to allege that he did draw his check, on or about the 12th day of October, 1900, on the said Commercial and Farmers Bank of Rock Hill, S. C., payable to the order of the plaintiff, and the plaintiff in the

WYLIE *v.* BANK.

suit is W. Brown Wylie, clerk of the Court of Common Pleas for York County, in said State, in favor of the said plaintiff, for the sum of $26,314.02, being the amount of deposits remaining to his credit. Paragraph 6. That plaintiff duly presented said check to the said Commercial and Farmers Bank as well as to D. Hutchison, receiver, and payment thereof was refused, and no part thereof has ever been paid. The check is set up as exhibit 'A' of the complaint. Turning to the check, exhibit 'A,' we find this: 'Rock Hill, S. C., October 12th, 1900. Pay to the order of W. Brown Wylie, Clerk Court, $26,314.02 (twenty-six thousand three hundred fourteen 02-100 dollars). To the Commercial and Farmers Bank, Rock Hill, S. C. (Signed) R. Lee Kerr, Receiver R. H. C. F. Co.'

"Our motion to dismiss is on the ground that no check has been drawn by R. Lee Kerr, as directed by the decree of Judge Benet, on the Commercial and Farmers Bank in favor of the clerk of the Common Pleas for York County. Mr. Wylie is put down in the check as clerk Court.

"Mr. Spencer: In behalf of the defendant I represent, I make the same motion.

"Counsel for McFadden adopts foregoing and also the following:

"First. It is not alleged in said complaint that the alleged bond sued on in this action was delivered to the plaintiff.

"Second. Because it does not appear upon the face of the complaint that there was any consideration moving from plaintiff or other person to the defendant or other person for the same, and because the consideration, if any, has failed.

"Third. Because the complaint shows on its face that the alleged action of the defendant herein, in executing the said bond, was without consideration, *ultra vires,* null and void, because R. Lee Keer, as receiver of the Rock Hill Cotton Factory Company, had with leave of the Court of Common Pleas of York County, S. C., made the defendant, the Commercial and Farmers Bank, the depository of the funds in or to come into his hands as such receiver, and because no loss

or injury has come to the plaintiff in this action or other person, by reason of the matters and things complained of in the complaint.

"Fourth. Because the complaint herein shows on its face that the alleged bond sued on in this action was given for the performance of an act which the defendant bank was already legally bound to do, and the said bond is consequently without consideration and supercedes the law, and is not authorized by law and is in violation of law."

The Circuit Judge overruled all the grounds of demurrer.

The defendants appealed from this order. The trial then proceeded, and a considerable amount of testimony was directed to the issues presented by the pleadings. Being a case on the law side of the Court, we will not concern ourselves about the testimony except as the grounds of appeal may hereafter require. At the close of plaintiff's testimony, the defendants asked for a nonsuit. This motion was denied by the Circuit Judge. The jury then brought in a verdict for the plaintiff. After judgment, sundry grounds of appeal were taken. They are as follows:

"1. For error in refusing defendants' motion to dismiss the complaint because it did not state facts sufficient to constitute a cause of action in that: (a) The Court below obtained jurisdiction to try the action under the decree and pursuant to the provisions thereof made by Judge Benet in the cause on September 24, 1900, at chambers, and filed        , 1901. (b) Because it did not appear that any check was ever drawn by R. Lee Kerr, receiver, payable to W. Brown Wylie, clerk of the Court of Common Pleas for York County, as said decree required.

"2. Because it did not appear that there was a delivery of the bond in suit to W. Brown Wylie, clerk of the Court Common Pleas for York County, and it was error to admit said bond in evidence as against defendants as sureties when it only appeared: (a) That the defendants, sureties, had only partly executed by signing their names to it; and (b) That the instrument only came into the hands of the obligee

many months after the principal, the Commercial and Farmers Bank, had become insolvent, and the Court had taken all of its assets in its custody.

"3. For error in not allowing the defendant, V. B. McFadden, defendant surety, to answer this question, 'At the time you signed this paper, was it or not a condition on your part that the other directors were to sign it—all the directors of the Commercial and Farmers Bank?'

"4. For error in not allowing V. B. McFadden, defendant surety, to answer this question, 'Did you state to Mr. A. H. White, at the time you signed the paper (the bond), or did he state to you, that all the directors would sign it?'

"5. For not allowing the defendant, V. B. McFadden, to state who were the directors of the Commercial and Farmers Bank, and if all of said directors had signed the bond.

"6. For error in not allowing R. Lee Kerr, cashier, to state whether or not the two checks marked 'E' and 'F,' and dated February 2d, 1900, did not go to make up the alleged deposit of $16,042.50, alleged to have been deposited January 31st, 1900. And in the same connection for error in not allowing witness to state who drew the checks.

"7. For error in refusing to admit in evidence the two checks, 'E' and 'F,' drawn by            February 2d, 1900, in the sum of $    and $    , respectively, and payable to R. Lee Kerr, receiver.

"8. For error in allowing D. Hutchison to testify that the check marked 'exhibit W,' drawn by R. Lee Kerr, receiver, in the sum of $            , in favor of W. Brown Wylie, clerk of the Court, was presented to witness, as receiver of the Commercial and Farmers Bank, for payment.

"9. For error in holding that presentation of check, 'exhibit D,' to the receiver of the Commercial and Farmers Bank for payment, was a presentation and demand on said bank for payment, and that such presentation was competent and sufficient.

"10. For error in admitting and holding said check as

competent evidence of a demand for payment of the bank, under the terms of Judge Benet's decree or at all.

"11. For error in refusing defendants' motion for nonsuit on the ground that plaintiff had failed to prove that the check, 'exhibit D,' drawn by Kerr, receiver, in favor of W. Brown Wylie, clerk of the Court, had ever been presented to any officer or agent of the Commercial and Farmers Bank for collection.

"12. For error in refusing to hold, on motion for nonsuit, that until such presentation (of the check, 'exhibit D,') to an officer or agent for payment, and payment refused by the bank through its officers or agents, no liability has been fixed against the obligors of the bond for non-payment.

"13. For error, on motion for nonsuit, in holding that proof of delivery of the bond, 'exhibit A,' by the obligors to the obligee, was in effect unnecessary.

"14. Because the presiding Judge refused to rule, on motion to dismiss the complaint, that the alleged bond sued on was without consideration, *ultra vires,* because given for the performance of an act which the defendant bank was legally bound to perform, and consequently was without proper consideration, supercedes the law, not authorized by law and was in violation of law.

"15. For error in refusing to permit V. Brown McFadden to answer these questions in reference to his signing the bond sued on: (a) 'Did Major A. H. White inform you on this occasion that this (bond) was a petition to the Court to keep the Commercial and Farmers Bank, the depository for the funds in R. Lee Kerr's hands, as receiver of the Rock Hill Cotton Factory Company? (b) State, Mr. McFadden, whether or not you were informed at the time and so believed, that this was a petition to the Court, and not a bond for the payment of money or entering into any obligation on your part, at the time you signed this paper?'

"16. Because of error in admitting in evidence the instrument sued on, when the same was without a certificate of

authority and had no revenue stamps attached, as required by the laws of the United States.

"17. For error in ruling out all testimony as to the checks, 'exhibits E, F,' and holding that all matters in reference to the amount of money on deposit in the defendant bank by R. Lee Kerr, receiver, was settled by the books of the bank, and the adjudication had in the cases of A. H. White *v.* the Commercial and Farmers Bank *et al.,* and A. E. Hutchison *v.* the Rock Hill Cotton Factory Company, and for not holding that the defendant, V. B. McFadden, was not bound as to these matters by anything appearing on the books of said bank, or in any decree or order taken in either of said suits.

"18. (a) Because the decree fixing the amount due R. Lee Kerr, as receiver of the Rock Hill Cotton Factory Company, was taken at chambers without notice to McFadden, and (b) because no such issue was made in the pleadings in the case or otherwise against him, (c) and for refusing to permit the defendant, R. Lee Kerr, to answer this question, 'Mr. Kerr, this last entry on the books here, January 31st, 1900, $16,042.50, you have already stated that that was paid you in the way of checks or drafts; who were those checks or drafts from?'

"19. For error in refusing defendants' motion for a new trial, made on the grounds stated in the seventeenth exception here.

"20. The presiding Judge erred in stating to the jury, when they had returned into Court for further instruction during the consideration of the case: 'I charge you, gentlemen, that the paper is good, it makes no difference about the witnesses; they might have seen it signed or might not—the paper is a legal paper without it,' in that the same was a charge on the facts."

We will now endeavor to pass upon these grounds of appeal. As to the first exception (a). We do not see any point here raised. It is true, the bond executed on 1st December, 1899, by its terms fixed the time at which a breach would occur whenever the defendant bank should fail to pay

a check drawn by R. Lee Kerr, as receiver, under the order of the Court, in the case of Hutchison *v.* Rock Hill Cotton Factory Company and others.    But by the complaint it was alleged that an order was passed by Judge Benet in that case, requiring the receiver, Kerr, to draw his check on said bank.    That such receiver did draw his check, which was not paid, and that Judge Benet, in the event of non-payment of the check, required that the plaintiff, Mr. Wylie, as clerk of this Court, should forthwith bring his action on the bond in question.    The Court of Common Pleas is a court of general jurisdiction.    Strictly speaking, such Court does not depend upon any order of any Judge for its jurisdiction.    No doubt, the appellant means that W. Brown Wylie, as clerk, would not have had the right to bring his suit on this bond, although named as its obligee, without an order of the Court in the case of Hutchison *v.* Rock Hill Cotton Factory, requiring a check to be drawn by the receiver, Kerr, on the funds deposited by him in the Commercial and Farmers Bank.    The very condition of the bond so provided.    (b) We think the allegations of the complaint tending the drawing of the check in question substantially alleged what was requisite for the institution and maintenance of the suit here brought.    This exception is overruled.

The second exception presents a question of fact.    Was the testimony as to the delivery of the bond to its obligee, as clerk of the Court of Common Pleas for York County, sufficient to entitle such bond to be admitted in evidence?    We think there was evidence as to the delivery.    All the parties left the bond, after signing the same, in the hands of R. Lee Kerr, who admitted that he turned the same over to W. B. Wilson, Esq., as attorney along with Mr. McDow, for creditors of the defunct cotton mill.    That Mr. Wilson turned it over to Mr. McDow and that Mr. McDow turned it over to Mr. W. Brown Wylie, as clerk of Court of Common Pleas for York County.    Now the testimony was for the jury to consider.    The Circuit Judge

27—63

committed no error in regard to this matter. There is no testimony that the bond was incomplete when it left the hands of Kerr, who was a co-obligee as well as cashier of the bank. It makes no difference that the obligee only received the bond some months after its execution. He was really a trustee for others and had no personal interest in it. This exception is overruled.

*Third ground of appeal.* Appellants contend that Mr. McFadden, one of the obligors of the bond, should have been allowed to state what he understood as a *condition* of his signing the same. The Circuit Judge very properly declined to allow any such testimony. The obligee, nor his attorney nor agent, was present. There was nothing in the bond which squinted at such a proposition. To suffer such trifling with written instruments would be a public wrong. This exception is overruled.

*Fourth exception* is overruled upon the same grounds as the third.

*Fifth exception.* What possible relevancy Mr. McFadden's declaration as to who directors of the Commercial and Farmers Bank of Rock Hill, S. C., might be with the issues being tried in this action, we cannot see. The directors were not being sued; it was only the obligors of this bond who were being sued. This introduction of immaterial testimony in courts of justice—testimony which has no bearing upon the issues being tried—ought to be ruled out promptly. This exception is overruled.

*Sixth exception.* We see no error in the ruling of the Circuit Judge, when he refused to allow the witness, R. Lee Kerr, to testify as to what checks may have entered into the credit on the books of the Commercial and Farmers Bank of Rock Hill, to him as receiver, when it was in testimony in this case that the judgment of the Court in White against this same bank, and with *all of these defendants as parties thereto,* had established the very same amount on deposit by R. Lee Kerr, as receiver, as is here claimed, and also that he, as receiver, had received two divi-

dends thereon amounting to eighteen per cent. of his deposit under said judgment. The time for a man or men, when a suit is in progress to which he or they are parties, when they wish to have what they esteem a judgment rendered for proper amounts, is *to present that question to the Court before judgment thereon is pronounced.* When they sit still and do nothing and a judgment is rendered, they are then powerless, and this should be so. Lawsuits are not child's play. They are solemn things. Every man should be heard, but when he is called into Court—has had his day in Court—after judgment, he is bound! Therefore, it was idle to attempt to agitate that question anew. This exception is overruled.

*Seventh exception.* In addition to the defects in this exception as to the blanks as to the amounts intended to be relied upon, the objections as to the allowance of this question are fully set forth in our observations on the sixth exception herein. This exception is overruled.

*Eighth exception.* We see no error in allowing D. Hutchison to testify whether the check in question was presented to him as receiver of the defendant bank. It was a fact alleged in the complaint. We know of no better way to determine whether a thing has been done than to have the parties thereto admit or deny it. There is no form of proof prescribed by law. Now, as to what effect this testimony may have when admitted, is not here in question. The exception is overruled.

*Ninth exception.* In the record of the action of A. H. White, as plaintiff, against Commercial and Farmers Bank of Rock Hill, S. C., and others, as defendants, D. Hutchison was by the decree of the Court, dated April, 20, 1900, appointed permanent receiver of said bank of all its assets and affairs. In October, when this check was made upon said bank, there was no officer of said bank in the discharge of the duties and responsibilities of said defendant bank other than D. Hutchison, its receiver. The law demands no impossibilities of corporations or individuals. When there

are no officers of corporations to act, because the Court has displaced them by its receiver, of necessity any legal demand against the bank must be made upon its sole representative, its receiver. This was done when the check in question was presented to D. Hutchison, the receiver. He refused payment of the check, thus making a default in the performance of the condition of this bond. This exception is overruled.

*Tenth exception.* It follows from the foregoing views that such check so presented to D. Hutchison, as receiver, was competent evidence of the demand upon the bank for payment by the bank of said check, under the terms of Judge Benet's decree. This exception is overruled.

*Eleventh exception.* The motion for nonsuit could not have been granted, as set out in this exception, viz: because that check was not presented for payment to any officer or agent of the Commercial and Farmers Bank for collection. As we have already held, the law does not require such an empty form; the presentation of said check to the receiver of the bank was sufficient. This exception is overruled.

*Twelfth exception.* The obligors of the bond had knowledge of the bank's supposed insolvency; they were parties to the action wherein the assets of the bank were placed in the hands of the receiver, D. Hutchison; this is an action to which they were all parties; the officers of the bank were displaced from the management and control of its assets, including its cash, and could do nothing to bind or relieve said bank. This being so, the exception is untenable and is overruled.

*Thirteenth exception.* This presents scarcely a practical question, for testimony was offered tending to show that the bond was actually delivered to its obligee, the plaintiff, though not for several months after its execution. When there was testimony tending to show an actual delivery of the bond to its obligee, it seems to us that little benefit can accrue to the appellants if we should hold the Circuit Judge in error when he declared that the delivery of the bond to its obligee was unnecessary. But

we prefer to meet the issue. The defendants well knew, for they were furnished such knowledge by the very terms of the bond, that the plaintiff in this action could have no individual interest as such obligee; he was a mere stakeholder—he was a trustee for others by their very undertaking. This being so, and the defendants admitting that they signed the bond, they did not and ought not to be allowed any protection against their voluntary acts. This exception is overruled. ·

*Fourteenth exception.* We cannot hold that this bond was without consideration. It was signed 1st December, 1899, and on the 31st of January, 1900, over $16,000 was deposited by the receiver over and above the sum already on deposit there. Besides, the bond is under seal and imports a considration. True, the bank was legally bound to honor the checks of its depositors. But when a bank is threatened with insolvency, in order to induce deposits, it is not illegal to give security for the performance of its already legal duty. National banks, for instance, in order to obtain government deposits, are required to protect the same by buying and holding, as a security for such deposits, government bonds. This exception is overruled.

*Fifteenth exception.* This exception relates to some questions addressed by appellants to the defendant, V. Brown McFadden, and which the Circuit Judge refused to allow him to answer. (a) It was not material what passed between the two co-obligees, White and McFadden, and not in the presence of Wylie. (b) It was not material what his co-obligees informed McFadden when he signed the bond. Hence this exception in both of its phases is overruled.

*Sixteenth exception.* We have recently held that because a note or bond has no internal revenue stamp upon it, does not render such note or bond void. The exception is overruled.

*Seventeenth exception.* We have already herein-

before held that any testimony here complained of as being excluded was incompetent. This exception is overruled.

*Eighteenth exception.* This exception is faulty in commingling points of exception. McFadden was represented by counsel. He has never appealed from the decree upon the reports in the case of White *v.* Commercial and Farmers Bank. He cannot attack such decrees collaterally. (b) When receivers are appointed in actions, creditors must be protected; they were called in; a special referee was appointed. (c) The question asked while Kerr was on the stand as a witness was irrelevant, as we have already held, in regard to similar questions asked of witnesses. This exception is overruled.

*Nineteenth exception.* Just having held that the testimony referred to in the 17th exception was properly excluded, a motion for a new trial because of such exclusion is of no weight. This exception is overruled.

*Twentieth exception.* The language of the Circuit Judge complained of in this exception was used when the jury came back into Court asking for instructions. The Circuit Judge is in duty bound to construe all written instruments. The bond was such an instrument. One of the jurors stated that two witnesses (whose names appear as witnesses to the bond itself) had testified that they did not see the obligors sign their names, though the names were in the handwriting of each obligor, respectively, and asked if under such circumstances it was a valid bond. Judge Townsend instructed them that it was a good and valid bond, even if the two witnesses, named as subscribing witnesses, had never seen the obligors sign their names thereto. The true question was: Did the obligors sign their names thereto? Every obligor admitted that he had signed the same. We must always remember that the Circuit Judge must charge the law governing the case then on trial before him. This exception is overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.