7551

ATLANTIC COAST LINE R. R. CO. v. MOISE.

JURISDICTION—JUDGMENT.—A CIRCUIT JUDGE AT CHAMBERS has no power to make a final order for judgment in injunction proceeding on the merits.

Before WILSON, J., Sumter, May, 1909. Reversed.

Action by Atlantic Coast Line, R. R. Co. against Marion Moise, administrator of H. W. Baker and W. H. Epperson, sheriff of Sumter County. From judgment for plaintiff, defendant Moise appeals.

*Messrs. Lee & Moise,* for appellant.

*Messrs. P. A. Willcox, Mark Reynolds,* and *L. W. McLemore,* contra.

April 22, 1910.   The opinion of the Court was delivered by

MR. JUSTICE HYDRICK.   H. W. Baker recovered judgment against the plaintiff, May 4, 1908, for $235.00.   On appeal, the judgment was reversed and a new trial granted. In the interim, Baker died and Moise was appointed his administrator.   On the second trial, Moise, as administrator, recovered judgment against the plaintiff for $69.41, which was entered April 26, 1909.   On April 3, 1909, plaintiff entered judgment against Moise, as administrator, for $68.05, the costs and disbursements of the appeal.

Plaintiff brought this action, alleging the foregoing facts, and praying that said judgments be set off against each other, and that, in the meantime, the sheriff be enjoined from enforcing the execution of the judgment against plaintiff.

There was no allegation of insolvency of the estate of Baker.   The defendant answered, denying plaintiff's right of setoff: 1. Because the judgment against plaintiff had been duly assigned to Moise for the benefit of himself and the firm of Lee & Moise, and plaintiff had been notified of the assignment.   2. Because the judgment in plaintiff's favor was principally for costs due to the attorneys and officers of court.   3. Because Baker's family were entitled to a homestead in the judgment recovered against plaintiff, his estate being within the amount allowed by law.

The Circuit Judge signed an order, at chambers, requiring the sheriff to set off the judgments against each other, and enjoining the defendant and the sheriff from enforcing the judgment in favor of defendant, except by way of setoff as therein ordered, and to collect the difference.

The appeal questions the power of the Judge to pass such an order at chambers.

The record contains nothing, except the complaint and answer, the order of the Judge, and the exceptions. The exceptions state that the order was obtained at chambers and without notice. Matter appearing only in the exceptions will not be considered by this Court. But for the fact that the order shows on its face that it was signed "at chambers," we would presume that it was signed in open court, for all things must be presumed to have been rightly done in the Circuit Court. Under the statutes of this State, a Circuit Judge has no power to pass a final order for judgment on the merits at. chambers. *Hornsby* v. *Burdell,* 9 S. C., 303; *Simms* v. *Phillips,* 46 S. C., 149, 24 S. E., 97; *Segars* v. *Parrott,* 54 S. C., 1, 31 S. E., 677.

Order reversed.