### 7685

### SOVEREIGN CAMP OF THE WOODMEN OF THE WORLD v. MEANS.

RES JUDICATA—PLEADING—INSURANCE.—A. defendant should plead all his defenses, both legal and equitable, and cannot bring a separate action on any matter that could be so pleaded. *Here* it is adjudged that a judgment in an action by a beneficiary against a benefit insurance society is *res judicata* in an action to enjoin its enforcement by the society against the beneficiary, of the issues, of the genuineness of the signature of the member to a request on back of certificate to change the beneficiary, of the one so named being the equitable beneficiary, and of the society being taken by surprise in the admission of evidence not within the scope of the pleadings.

Before ERNEST MOORE special Judge, York, January 1910. Affirmed.

Action by Sovereign Camp of the Woodmen of the World against Mollie Fincher Means and Charles A. Fincher for injunction. The Circuit decree is:

"This cause came on to be heard at the last term of the said Court upon the report of the Referee, the exceptions thereto by the plaintiff and the additional grounds for sustaining the same, served on behalf of the defendant, Mollie Fincher Means.

"In order to a proper understanding of the questions now presented for determination, it is necessary to make a brief statement of the facts and the contention of the parties.

"In the year 1904, but under date of June 23d, 1902, the plaintiff, a fraternal beneficiary association, issued a beneficiary certificate to one George E. Fincher, a member of said association, providing amongst other things for the payment by the plaintiff to Mollie A. Fincher, a sister of the said Geo. E. Fincher, of the sum of one thousand dollars in case of the death of the said G. E. Fincher while in good standing as a member of said association and after the second year of his membership.    This certificate was issued in lieu of a former certificate of same date, in which other persons had been named as the beneficiaries, and the Mollie A. Fincher named therein is now the defendant, Mollie Fincher Means.

"Thereafter, in the year 1905, the said G. E. Fincher, being a consumptive and then in New Mexico and in need of money, made a proposition in writing to his brother, C. A. Fincher, the defendant above named, offering to make the latter his beneficiary in said certificate and also in a similar certificate in the Fraternal Union of America, if the said C. A. Fincher would pay him the sum of $200 on each of the said certificates; and this offer was accepted by said defendant C. A. Fincher, it being agreed between the parties that the total amount of $400 should be paid by installments from time to time to be forwarded to said G. E. Fincher. Thereupon on January 3d, 1906, the said Geo. E. Fincher addressed a letter to A. J. Evans, the clerk of the local camp of the plaintiff at Rock Hill, S. C., in which he stated that 'I wish to have my W. O. W. policy changed from the present beneficiary to Chas. A. Fincher.'

"The referee finds that of the total amount of $400 which was to be paid, a sum not exceeding $95 was paid by C. A. Fincher to G. E. Fincher in his lifetime. He also finds that the beneficiary certificate in the Fraternal Union of America was transferred to C. A. Fincher and that, after the

death of the said G. E. Fincher, the said C. A. Fincher collected the same and retained the sum of one thousand dollars thereon.

"By the constitution and by-laws of the plaintiff it is provided that 'the beneficiary named in any certificate may be changed by the member insured by the payment of a fee of twenty-five cents to the Sovereign Camp, which sum, together with the certificate, shall be forwarded by such member to the Sovereign Clerk, with his request on the back of the certificate, giving the name or names of such new beneficiary or beneficiaries, and upon receipt thereof, the Sovereign Clerk shall issue and return a new certificate subject to the same conditions and rate as the one surrendered' with the name of the beneficiary written therein.    It does not appear that this was ever done, so far as the issuance of any new certificate is concerned.

"The said G. E. Fincher died on the night of the 27th of January, 1906, and, thereafter, upon the production of the said beneficiary certificate, with a request on the back thereof for a change of the said beneficiary thereunder, signed in the name of G. E. Fincher, and requesting the issue of a new certificate payable to the defendant, Chas. A. Fincher, such request being dated January 27th, 1906, the said plaintiff, instead of issuing the new certificate, upon the proofs of the death of the said Geo. E. Fincher, paid to the said Chas. A. Fincher the sum of one thousand dollars in full settlement. The question as to whether or not the signature of the name of G. E. Fincher to said request for change of beneficiary was the genuine signature of the said Geo. E. Fincher, is one of the issues of fact in this case.

"Some time about the 14th day of February, 1906, the defendant, Mollie Fincher Means, being then a minor, addressed a letter to the said A. J. Evans, Clerk of the local camp of the plaintiff, saying: 'Please let that policy go just like it stands in favor of Charley:' and signed her name 'Mollie Fincher' thereto.   On the same day, it appears that

the said Mollie Fincher received from Chas. A. Fincher two hundred dollars, and the referee finds that this was part of the money which the plaintiff paid to Chas. A. Fincher in settlement of the said beneficiary certificate.

"Thereafter, the said Mollie Fincher, having intermarried with one Means, but being still a minor, suing by guardian *ad litem,* brought her action in this Court against the Sovereign Camp, Woodmen of the World, the plaintiff in this action, seeking to recover as the beneficiary under the benefit certificate aforesaid. By answer in said action of Mollie Fincher Means, by guardian *ad litem* v. Woodmen of the World, the defendant therein (which is plaintiff in this action) denied that the said Mollie Fincher Means was the beneficiary under the said certificate, alleged that the said Chas. A. Fincher was the real beneficiary and sets up all the facts already recited as a defense to the said action. This cause came on for trial before Judge Geo. E. Prince and a jury at the November term, 1906, of the said Court of said county, and resulted in a verdict in favor of the said plaintiff, Mollie Fincher Means, against the defendant, Sovereign Camp Woodmen of the World for the sum of one thousand and fourteen and 58-100 dollars. A motion for a new trial was made in said cause, which was refused by the presiding Judge, and an appeal was taken by the said defendant in that action, plaintiff here, to the Supreme Court of this State, which appeal was subsequently abandoned. No judgment was actually entered upon the said verdict, but at the Spring term of 1909 of the said Court for the County of York, the said cause of *Mollie Fincher Means* v. *Sovereign Camp, Woodmen of the World,* appears to have been marked 'ended,' upon the calendar of the said Court.

"The present action appears to have been commenced in May, 1908, and seeks to enjoin the entry and enforcement of the judgment recovered in the case of Mollie Fincher Means against the Sovereign Camp of the Woodmen of the World, above mentioned. The allegations of the plaintiff, Sover-

eign Camp of the Woodmen of the World in the complaint in the present action against Mollie Fincher Means and Chas. A. Fincher are substantially the same as the allegations of the answer in the case of *Mollie Fincher Means* v. *Sovereign Camp of the Woodmen of the World.* The issues in this action are identical with the issues in the said former action, in so far as the said Sovereign Camp of the Woodmen of the World and the said Mollie Fincher Means are concerned. It is true that there is here an additional party, Chas. A. Fincher, but he is made a defendant only for the purpose of asking relief against. him in case no relief be awarded against the defendant, Mollie Fincher Means.

"As the subject of the action here is the same as that in the former action, as the parties to the two actions are the same, and as the issues made are identical, it is difficult to see how the plea *res judicata* interposed by the defendant, Mollie Fincher Means, is to be avoided. The plaintiff seems to seek to avoid the effect of this plea by alleging in his complaint here that it was taken by surprise in the former action by the admission in evidence of certain testimony as to facts alleged not to have been put in issue by the pleadings in said former action. It would seem, however, to be clear that any relief upon this ground could only be obtained by application to the Court in the original action, under Section 195 of the Code of Civil Procedure upon a proper showing made.

"Furthermore, it appears from the record in the former action and from the grounds of the appeal to the Supreme Court therein, afterwards abandoned, that the very question of the defendant, there, who is the plaintiff here, being taken by surprise, was made before the presiding Judge at the trial and upon motion for a new trial, which was refused.

"As is shown by the brief, printed in the appeal, afterwards abandoned, in said former cause, the defendant there, who is the plaintiff here, made a motion for a new trial upon the grounds, *inter alia,* that 'the verdict was against the overwhelming weight of the evidence,' and 'that the evidence

plainly showed that in equity and good conscience Charles A.
Fincher was the real beneficiary of the benefit certificate at
the time of the death of George Ernest Fincher.' These
grounds were overruled by Judge Prince in his order refus-
ing a new trial; and it would seem to be clear that he thereby
not only sustained the verdict of the jury upon the legal
issues in the case, but decided, adversely to the contention of
the plaintiff here, the very question now sought to be made
as to the equitable ownership of Charles A. Fincher of any
interest in the benefit certificate.

"As the equitable issues in the case were thus decided by
the Court against the defendant in the said former action,
who is the plaintiff here, and as the legal issues in said
former action were determined in like manner by the verdict
of the jury, it becomes the duty of the clerk of the court to
enter judgment upon the verdict in favor of the said Mollie
Fincher Means against the said Sovereign Camp of the
Woodmen of the World, as required by Section 286 of the
Code of Civil Pocedure. That this was not done is no
doubt due to the fact that an appeal was taken and after-
wards abandoned, whereupon this action was commenced,
under which a temporary injunction against the entering of
the judgment was granted.

"Even, however, if it could be said that any equitable issue
now sought to be made between the plaintiff and the defend-
ant, Mollie Fincher Means, was not pleaded or passed upon
in the former action of Mollie Fincher Means against Sover-
eign Camp of the Woodmen of the World, yet it is clear that
the judgment in such former action would still be conclusive
of such issue, for the reason that, under Section 170 of the
Code of Civil Procedure, the defendant in said former case
was bound to plead all his defenses, legal or equitable and
cannot bring a separate action upon any matter that could
be so pleaded. *Rice* v. *Mahaffey,* 9 S. C., 282; *Ruff* v.
*Doty,* 26 S. C., 173, 1 S. E. 707; *Faust* v. *Faust,* 31 S. C.,
576, 10 S. E. 262; *Gerald* v. *Gerald, Ibid.,* 171, 9 S. E. 792.

See also *Hart* v. *Bates,* 17 S. C., 42; *Willis* v. *Tozer,* 44
S. C., 1, 21 S. E. 617; *Rabb* v. *Sullivan,* 43 S. C., 436; *Per-
kins* v. *Perkins,* 49 S. C., 563, 27 S. E. 551; *Newell* v. *Neal,*
50 S. C., 68, 27 S. E. 560; *Haddon* v. *Lenhart,* 54 S. C., 88,
31 S. E. 883.

"As the questions sought to be made in this case by the
present plaintiff against the defendant, Mollie Fincher
Means, were necessarily involved in the decision in the
former action brought by Mollie Fincher Means against the
present plaintiff, the said former action is *res judicata* of the
same questions now presented.   *Ex parte Roberts,* 19 S. C.,
150; *Crenshaw* v. *Julian,* 26 S. C., 283, 2 S. E. 133; *Steen*
v. *Mark,* 32 S. C., 286, 11 S. E. 93; *Willoughby* v. *R. R.,*
52 S. C., 166, 29 S. E. 629; *Dunsford* v. *Brown,* 23 S. C.,
328; *Blohmc* v. *Schmanke,* 81 S. C., 87, 88, 61 S. E. 1060.

"From these considerations it follows that the complaint in
this action, in so far as it affects the defendant, Mollie
Fincher Means, must be dismissed and the injunction granted
*pendcnte lite* must be dissolved.

"But the plaintiff would be entitled upon proper allega-
tions and proof to recover from the defendant, Charles A.
Fincher, the amount alleged to have been paid to him as
money paid by mistake.   It is, therefore, ordered that the
plaintiff have leave to amend his complaint herein, if he be so
advised, so as to demand judgment against the defendant,
Charles A. Fincher, for the sum of money paid him by mis-
take and so as to convert said complaint into a complaint for
the recovery of money claimed to have been paid by mistake
by the plaintiff to the said defendant, Charles A. Fincher,
such amended complaint to be duly served upon said defend-
ant, Charles A. Fincher, and he having the right to answer
the same within the time prescribed by law.

"It is therefore, ordered and adjudged that the complaint
herein as against the defendant, Mollie Fincher Means, be
dismissed and that the said defendant, Mollie Fincher

Means, have judgment against the said plaintiff for her costs and disbursements in this action."

From this decree the plaintiff appeals.

*Messrs. J. Steele Brice* and *William J. Cherry* for appellants, cite: *Defendant is not always required to set up all his defenses:* 1 High on Inj. secs. 114, 224; 34 S. C. 461; 58 S. C. 59; 61 S. C. 190; 17 S. C. 35; 2 Waits Pr. 42; *Sec. 195 of Code of Proc. docs not apply here:* 26 S. C. 589; 17 S. C. 264, 449; 14 B. Mon. 127; 119 Ill. 493. *Issues here not res judicata:* 18 S. C. 222; 20 S. C. 509; 52 S. C. 461; 16 S. C. 331; 24 S. C. 402; 19 S. C. 506. *Equitable set-off:* 25 Ency. 542; 16 Ency. 294; 1 N. & McC. 197; 77 S. C., 72. *This action is ancillary:* 73 S. C. 550; 24 How. 460; 2 Wall. 632. *The beneficiary was changed in equity:* 1 Pom. Eq. secs. 421, 364, 368; 11 S. C. 487; Crosswell on Ex. 142; 22 N. J. Eq. 531; 3 Ency. 990; 41 Fed. R. 1; 12 Wash. 500; 61 L. R. A. 791; 29 Cyc. 133; 58 Am. R. 458; 88 N. W. 999; 35 At. 942; 25 N. E. 388; 40 At. 5; 96 N. W. 806; 22 So. 14; 47 N. W. 1032. *Rule requiring surrender of old certificate may be waived by society:* 38 Pac. 914; 175 Ill. 187; 15 L. R. A. 114; 9 Am. St. R. 270; 75 Mo. App. 402; 178 N. Y. 629; 61 L. R. A. 791; 70 Mich. 163; 58 S. C. 280. *Beneficiary is estopped:* 18 S. C. 352; 42 S. C. 357.

*Messrs. Spencer & Spencer* and *Dunlap & Dunlap* contra.

*Messrs. Spencer & Spencer* cite: *Defendant bound to plead all defenses:* Code of Proc. 170; 4 S. C. 45; 9 S. C. 582.

*Messrs. Dunlap & Dunlap,* cite: *Plea of res judicata must be sustained:* 24 How. 341; 47 S. C. 525; 35 S. C. 613; 52 S. C. 171; 47 S. C. 525; 51 S. C. 333; 46 S. C. 474; 3 McC. 19; 1 Hill 263; 35 S. C. 613.

October 14, 1910. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The facts appearing from the evidence as stated in the report of the referee and the decree of the Circuit Judge show beyond all doubt that the issues raised by the pleadings in this case were adjudicated against the plaintiff in another action entitled Mollie Fincher Means against Sovereign Camp of the Woodmen of the World. We can add nothing to the reasoning of the Circuit decree showing that there is no escape for the plaintiff from the plea of *res judicata*.

This result is peculiarly regrettable in one particular. The Sovereign Camp of the Woodmen of the World, supposing Charles A. Fincher to be the real beneficiary of the certificate sued on, paid to him the amount which fell due on the death of George E. Fincher. Mollie Fincher Means admits that she received from Charles A. Fincher, of the identical money so paid to him, two hundred dollars just before she attained her majority, which she spent for clothing necessary for her marriage. Afterwards in the suit brought by her she was adjudged to be the beneficiary of the certificate and entitled to recover $1,000,—the full amount of the certificate. Therefore, when Mollie Fincher Means collects the sum of one thousand dollars adjudged to be due her, she will have received two hundred dollars of the amount twice. It will be a hardship on the Sovereign Camp of the Woodmen of the World to have to pay again to her this sum of two hundred dollars, and it will be a dishonest act on her part to receive it twice; but however strong the evidence now offered on this point may be, the adjudication in the former case prevents this Court, as it did the Circuit Court, from granting any relief.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.