8764

MIDDLETON v. DENMARK ICE AND FUEL CO.

(81 S. E. 157.)

JUDGMENT.   MODIFICATION BY ANOTHER JUDGE.   POWERS AT CHAMBERS.
1. The judgment of a Judge presiding in a county from which no appeal is taken may not be reviewed, modified, or reversed, by the resident Judge of the Circuit of which the county was a part.
2. A Judge has no power at chambers, without the consent of all the parties, to correct the judgment of a Court (Civil Code 1912, sec. 3833).

Before RICE, J., Bamberg, at chambers, August, 1913. Reversed.

Action by A. G. Middleton against the Denmark Ice & Fuel Co. From an order modifying judgment rendered by preceding Judge during preceding term of Court, plaintiff appeals.

*Mr. J. Wesley Crum,* for appellant, cites: *Order of preceding Judge resjudicata:* 23 Cyc. 1215 and 1233; 17 S. C. 35; 34 S. C. 463; 45 S. C. 321; 51 S. C. 25; 52 S. C. 166; 50 S. C. 68; 55 S. C. 507; 63 S. C. 406; 84 S. C. 193; 87 S. C. 127; 21 S. C. 89.   *Order of preceding Judge could be reviewed only on appeal:* 47 S. C. 525; 51 S. C. 1; 5 S. C. 348; 49 S. C. 156; 54 S. C. 4.   *Or on motion in Court to correct judgment:* 34 S. C. 452; 51 S. C. 333; 35 S. C. 612; 46 S. C. 474.   *Circuit Judge at chambers cannot correct judgment of a Court:* 1 Code of Laws 3833; 47 S. C. 31; 3 S. C. 427; 44 S. C. 383; 52 S. C. 305; 85 S. C. 530; 30 S. C. 614; 14 S. C. 517; 5 S. C. 348; 54 S. C. 400; *Coley* v. *Coley, Mss.* 84 S. C. 383, *explained.*

*Mr. J. W. Vincent,* for respondent.

March 24, 1914.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This appeal is by Citizens Exchange Bank in the above entitled cause. The Citizens Exchange Bank filed a claim with the receivers of the Denmark Ice & Fuel Company for $3,765, with interest at the rate of 8 per cent. per annum, payable annually, and 10 per cent. of that amount as attorney's fees. The claim was for money loaned, and was secured by a mortgage of the company's property, which provided for the interest and the attorney's fees claimed. The cause was referred to the master to hear and determine all issues of law and fact and report the same to the Court. Master made his report to the Court, and found that the Citizens Exchange Bank had the first lien after what was due for taxes, over all the property of the Denmark Ice & Fuel Company for $3,765, with interest from the date of the mortgage at the rate of 8 per cent. per annum, payable annually, and 10 per cent. on that amount as attorney's fees. No exceptions were taken by any one to the master's report. Subsequently, on July 8, 1913, his Honor, Judge Ernest Gary, filed his decree confirming and approving the report of the master. To the decree of Judge Gary no notice of appeal was given, nor any exceptions taken. The decree of Judge Gary was filed during term time, while he was presiding in Bamberg. Subsequently, without appealing to the Supreme Court, one of the receivers of the Denmark Ice & Fuel Company, after notice, obtained from Judge Rice at Aiken, S. C., on August 9, 1913, an order modifying the decree of Judge Gary, and reducing the fee allowed the attorney for Citizens Exchange Bank to $150, from this order Citizens Exchange Bank appeals, and by five exceptions challenges the correctness of Judge Rice's ruling. It is unnecessary to consider these exceptions separately. The exceptions must be sustained. When the decree of Judge Gary was filed, any party to the action who felt aggrieved should have appealed from the decree, and, failing to do so, the cause becomes *res adjudicata,* on the ground

that they are concluded by acquiescence in the decree of his Honor, Judge Gary, by failure to appeal therefrom.

His Honor, Judge Rice, had neither power nor authority to review, reverse, or modify the decree of Judge Gary, who had passed the same while presiding in Bamberg county, even though he was the resident Judge of the Circuit of which the county of Bamberg is a part. He committed an error in his attempt to interfere with Judge Gary's decree. If there was any error in the judgment and decree of Judge Gary, there is, under the Constitution and laws of this State, another tribunal for the correction of the same. This doctrine has been announced in a number of cases, among which are: *Hughes* v. *Shingle Co.*, 51 S. C. 25, 28 S. E. 2; *Willoughby* v. *R. Co.*, 52 S. C. 175, 29 S. E. 629; *Wylie* v. *Bank*, 63 S. C. 419, 41 S. E. 504; *Woodman* v. *Means*, 87 S. C. 127, 69 S. E. 85.

Judge Rice had no power or jurisdiction at chambers, without the consent of all parties, to correct the judgment of a Court. Code of Laws, S. C., 1912, sec. 3833; *Bank* v. *Mellett*, 44 S. C. 286, 22 S. E. 444; *Turner* v. *Foreman*, 47 S. C. 33, 24 S. E. 989; *Badham* v. *Brabham*, 54 S. C. 404, 32 S. E. 444; *A. C. L. R. R. Co.* v. *Moise*, 85 S. C. 530, 67 S. E. 785.

Reversed.

MR. JUSTICE GAGE did not sit in this case.