### WILDER v. D. W. ALDERMAN & SONS CO.

INJUNCTION—Where in action for injunction the plaintiff makes out a *prima facie* case entitling him to the relief sought, temporary injunction should not be dissolved on motion before trial on merits.

Before PURDY, J., Clarendon, May, 1905. Affirmed.

Action by John T. Wilder against D. W. Alderman &

Sons Co. From order refusing to dissolve temporary injunction, defendant appeals.  ·

*Messrs. Wilson & Durant,* for appellant, cite: 27 S. C., 415; 51 S. C., 387; 62 S. C., 196; 54 S. C., 473; 51 S. C., 435; 42 S. C., 101; 69 S. C., 156; 60 S. C., 559; 63 S. C., 45; 62 S. C., 473; 42 S. C., 95; 24 S. C., 44; 17 S. C., 417; 67 S. C., 84; 63 S. C., 199, 348; 38 S. C., 308; 59 S. C., 371; 62 S. C., 56; 69 S. C., 554; 4 S. C., 402; 34 S. C., 13; 60 S. C., 391; 54 S. C., 430.

*Messrs. Willcox & Willcox,* contra, cite: 69 S. C., 160.

April 13, 1906. The opinion of the Court was delivered by

MR. JUSTICE JONES. The plaintiff brought this action to enjoin defendant from entering upon plaintiff's lands and operating thereon its tram road or iron railroad in the conduct of its business of manufacturing and selling lumber. On July 24, 1903, Judge Watts granted a temporary injunction until the trial of the cause upon its merits or the further order of the Court, providing that plaintiff execute bond for such damages as may be sustained by defendant, with leave to defendant to apply on notice for a dissolution of said order. After filing of answer, motion was made before Judge Purdy to vacate said temporary injunction, which motion was refused by Judge Purdy, by his order dated May 29, 1905, on the authority of the case of *Alderman & Sons Co.* v. *Wilson,* 69 S. C., 156. From the last mentioned order defendant appeals, alleging error in refusing to dissolve the injunction, in that (1) the injunction standing has the effect of changing the possession of the land from the plaintiff; (2) the temporary injunction is not essential to the assertion or preservation of any alleged legal right of the plaintiff; (3) because from the entire case there is not a *prima facie* showing of a clear legal right in the plaintiff to the relief sought.

We agree with the Circuit Court that the case made by plaintiff falls within the rule stated in *Alderman* v. *Wilson, supra,* and we think he committed no abuse of discretion in refusing to dissolve the injunction pending trial upon the merits.

The judgment of the Circuit Court is affirmed.