### 6664

### MONTAGUE v. HOOD.

Tenant—Injunction.—Finding that defendant was actually in possession of land as tenant from year to year, affirmed. As such he cannot be enjoined from committing repeated trespasses on the land for the purpose of cultivating it.

Before Purdy, J., Berkeley, June, 1906.　Affirmed.

Action by R. L. Montague and R. P. Tucker against James R. Hood.

This Circuit decree is:

"This suit was instituted for the purpose of obtaining a permanent injunction against the defendant to prevent alleged repeated trespasses by him upon the premises referred to in the complaint.

"The defendant lived about three miles from the premises, but had been renting the places for several years,—sub-letting portions of the premises to parties in actual occupancy.

"While this state of things existed, the premises were optioned to the plaintiffs, and the options were closed by a deed of conveyance on the 29th day of March, 1905, but as a matter of fact the transaction had been finally closed prior to that date. On January 30th, 1905, Mr. W. H. Warley, who had charge of the property for himself and the other owners of it, addressed a letter to the defendant as follows:

" 'I beg to notify you that Mt. Hope and Oakland plantations have been sold to Mr. R. L. Montague. You will please turn the property over to Mr. Montague upon presentation of this letter and will appreciate your facilitating him in anyway that you can. From my conversation with Mr. Montague I think you can arrange to rent the property from him.'

"Mr. Tucker took this letter and presented it to Mr. Hood at his residence, about the first or second of February. What took place at that time is conflicting—Mr. Tucker giving one version, and Mr. Hood and others giving a different version. Mr. Tucker contends that the result of the interview with Mr. Hood was the recognition of the right of Mr. Warley to sell the property, and also a recognition of the right of the purchasers to the possession, and says that he was authorized by Mr. Hood to submit an offer of four hundred dollars as a rent for the property for the year 1905.

"Mr. Tucker wrote Mr. Hood saying that they had decided to rent it to Mr. Rogers.

"Mr. Hood consulted Messrs. Dennis & Mann, his attorneys, and they wrote to know if they could not arrange for Mr. Hood to plant the places for the year 1905, and con-

cluded by expressing the hope that some arrangements could be made without being forced into the courts. This was on the 20th of February. Upon receiving a negative answer, containing also a recital of the position taken by the plaintiffs, Messrs. Dennis & Mann notified the plaintiffs, on March 8th, that they had advised Mr. Hood not to surrender the premises.

"On April 6th this action was commenced and a temporary injunction was obtained. A motion was made to set aside this injunction, but Judge Memminger, after carefully going over the situation as presented to him, declined to grant the order.

"The testimony having been taken before a referee, the case is submitted to me for adjudication.

"An injunction cannot be used as a means to obtain possession of property. *Pelzer* v. *Hughes,* 27 S. C., 408, 3 S. E., 781. But it is now settled that in order to prevent a multiplicity of suits and the annoyance consequent upon repeated trespasses, this means may be resorted to. *McClellan* v. *Taylor,* 54 S. C., 438, 32 S. E., 527; *Alderman* v. *Wilson,* 69 S. C., 156, 48 S. E., 85.

"The question naturally arises in this case as to what was the true status of the parties at the time of the sale made by Mr. Warley to the plaintiffs, and naturally, in connection therewith, whether the defendant was a trespasser.

"If the defendant was a trespasser annoying the plaintiff in the possession of the premises, then the plaintiffs would have a right to enjoin him from the repetition of such acts, but if he was in possession of the premises as a tenant, either at will, or holding over, or as rightfully a tenant under a contract, then this remedy cannot be applied, for in the first two cases there would be a statutory remedy, and in the latter case the defendant would be entitled to the premises.

"Mr. Warley notified the defendant, in writing, in November, 1904, that the verbal contract of lease for five years had expired and that he could not rent to him for the year 1905 on the same terms, but that he would do nothing until the

defendant could see him, and Mr. Warley says that the defendant did see him and that the result of the conference was that the defendant was advised that the places were under option, and that the option might be closed at any time, and any planting for the year 1905 would be subject to the rights of the purchasers. There is a lack of agreement as to all of these matters from the defendant's stand point. · Be that as it may, on January 30th, 1905, Mr. Warley and the plaintiffs recognized the defendant as being then in possession of the premises, and the letter addressed to the defendant is sufficient evidence of that fact, for it requests the defendant to turn over the premises to the purchasers. If he delivered the premises to the plaintiff and rcognized their rights, then he had no right upon the premises after that. That there was something said between the parties about renting the premises is manifest, and that some arrangement was sought to be made in an amicable manner with the purchasers is also manifest. One cannot escape this conclusion from reading the letter written by Mr. Tucker to the defendant, and from reading the letter of Messrs. Dennis & Mann,—the first is a statement made from the plaintiff's standpoint, and the latter is a statement made from the defendant's standpoint.

"That the defendant had not given up the premises is evidenced by the fact that he took counsel with Messrs. Dennis & Mann, and it showed that he was then ready to enter into a treaty for the place for the year 1905, but with the reservation that he hoped this could be done without resorting to the courts. This treaty did not result in such an arrangement, and as a matter of fact, the defendant did not surrender the premises to the plaintiffs, or to Mr. Rogers, their agent, and the plaintiffs, from the testimony, were not in possession and control of the premises at the time of the commencement of this action. Such being the case, the plaintiffs were not entitled to the order of injunction, and the same should be dissolved.

"Having reached this conclusion, a reference, under the Code, to ascertain the damages, if any, follows as a matter of course. *Hill* v. *Thomas,* 19 S. C., 235; *Mauldin* v. *City of Greenville,* 64 S. C., 438, 439, 42 S. E. R., 202*; *Lewis* v. *Jones,* 65 S. C., 157, 43 S. E. R., 525.

"It is, therefore, ordered, adjudged and decreed that the temporary injunction heretofore granted herein, be, and the same is hereby, dissolved, and that the complaint herein be, and the same is hereby, dismissed with costs, and that the defendant be, and he is hereby, given leave to enter up judgment herein accordingly.

"It is further ordered, adjudged and decreed, that it be referred to H. W. Harvey, Esq., master of this Court, to ascertain and report what damages, if any, have been sustained by reason of the said injunction, and to report the same to the Court, and that at least four days' notice of the reference or references' held hereunder, be given to all parties in interest in the case, or their attorneys, and to the sureties named in the bonds of undertakings executed in this case.

"I think it due to Mr. Warley to say that I am satisfied that in his dealings with the plaintiffs he had entirely overlooked the fact that he had signed the written option which was afterwards produced by the defendant; but as the defendant was in the actual possession of the premises at the time of the commencement of this action, the result must be the same, whether he was holding over under the previous years' renting or whether he was holding under the terms of the contract, and even if he entered into a written lease for each year previous to that time, that was entirely consistent with the terms of the contract, for it provided for a separate agreement for each year, independent of the general contract which he held.

"This contract was binding upon Mr. Warley, although signed only by him. 1 Chitty's Contracts, 453, Ed. 1874."

Plaintiffs appeal.

*Messrs. B. A. Hagood* and *Huger & Sinkler* for appellant. *Mr. Hagood* cites: *The mere mention of a fact in casual conversation cannot take the place of notice by record required by statute:* Code 1902, 2457; 74 S. C., 372; 57 S. C., 357.

*Messrs. Raysor & Summers,* contra, cite: *Injunction will not be granted as a means to obtain possession of property:* 1 High on Inj., 270, 271; 27 S. C., 408; 54 S. C., 408; 69 S. C., 56; 42 S. C., 144. *Contract was binding although only signed by Warly:* 1 Chitty's Con., 453. *And this contract established relation of landlord and tenant:* 54 S. C., 289; 36 S. C., 274; 18 Ency., 606; 19 Mo., 118; 32 Neb., 195; 118 Pa. St., 578. *Entry and occupation by defendant constituted acceptance:* 77 Col., 286; 147 Pa. St., 501.

September 24, 1907. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. After a careful consideration of the testimony set forth in the record in this case, this Court is satisfied that the decree of the Circuit Judge is correct, and, therefore, adopts it as the opinion of this Court.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.