6995

### EVANS v. MAYES.

DISTRESS—RENT—LANDLORD AND TENANT.—AN INJUNCTION cannot be used to take property out of the possession of an officer, held by him under distress warrant for rent, and returned to the tenant. The tenant has ample remedy under section 2435, of Code of 1902, to regain possession of his property.

Appeal by W. M. Mayes and Lizzie Stewart from two orders of injunction issued by Mr. Chief Justice Pope on May 18, 1907, and August 6, 1907, in case of Barnard B. Evans against W. M. Mayes and Lizzie Stewart.

*Mr. Eugene W. Able,* for appellants, cites: *The injunction was improper because permanent and without notice:* Code 1902, 240; 9 S. C., 303; 37 S. C., 337; 7 S. C., 235. *It should not be used to take property from one and give it to another:* 27 S. C., 415. *Plaintiff has ample remedy at law:* 10 Ency. P. & P., 952, 953, 964; Code 1902, 2435. *Order should not be granted on unverified complaint:* 37 S. C., 337; Code 1902, 178. *Landlord should not be enjoined from*

*collecting rent:* Code 1902, 2435; 7 Ency. P. & P., 32; 58 S. E., 767. *Injunction should not be granted without requiring bond with sureties:* Code 1902, 243; 51 S. E., 379.

*Mr. B. B. Evans,* contra.    Oral argument.

August 25, 1908.    The opinion of the Court was delivered by

MR. JUSTICE WOODS.    The following statement of facts appear in the record: "On December 5, 1906, W. M. Mayes instituted proceedings under sec. 2423 of Code 1902, vol. I, to dispossess B. B. Evans of the premises occupied by him as a tenant, alleging that he was in arrears for rent due for October and November, 1906; that he was a tenant by the month; that he had notice to quit the premises, and that he was holding over after such notice to quit, contrary to law.    Upon issue joined before a jury on rule issued by Magistrate J. H. Etheredge, a verdict for the landlord was found and order of dispossession issued.    Mr. Evans appealed, and Judge R. O. Purdy sustained the appeal upon two grounds, to wit: That the magistrate erred in not granting a change of venue, upon motion of Mr. Evans; and upon the further ground that the rule issued did not allow Mr. Evans the time required by the statutes in which to answer the rule.    From the order of Judge Purdy, Mr. Mayes appealed, and the case is now pending in the Supreme Court.

"Afterward, in May, 1907, W. M. Mayes and Lizzie Stewart (she having acquired interest in the property occupied) instituted similar proceedings to the above against B. B. Evans, alleging that he was in arrears for rent for the months of December, 1906, January, February, March and April, 1907 (Note: October and November, 1906, the months involved in prior action, omitted); that he was a tenant by the month, holding over after demand for possession of the premises, all contrary to law.

"About the same time this last rule to show cause why Mr. Evans should not be required to vacate the premises

was issued Mr. Mayes and Mrs. Stewart issued and lodged with the sheriff of Saluda county their distress warrant as landlord."

Thereafter, on 16th May, 1907, the Chief Justice issued the following order of injunction on the *ex parte* application of the plaintiff, Evans :

"The complaint of the plaintiff, Barnard B. Evans, having been heard by me, and it appearing thereby that there is now pending before the Courts of this State a cause of action on the same subject-matter, and that the plaintiff has commenced his action against the defendants, and that he has in the said complaint tendered payment of his rent due for his office to the proper parties and that the same was refused, and that the sheriff of Saluda county, upon an unverified or unwitnessed warrant, has distrained for the said rents and has taken in his possession certain articles of personal property of the plaintiff, Evans, and now retains them, and that the said Stewart and Mayes have, without due process of law, entered another action for this same matter, it is ordered :

"That B. F. Sample, Jr., sheriff of Saluda county, do, immediately upon service of this order, return the articles distrained and taken into his charge to the plaintiff, Barnard B. Evans, in the same manner and place that he took the same, and that he be restrained and enjoined from further interferring with the peaceful occupancy of the said Evans of the said premises now in litigation between the said Evans and the said Mayes and the said Stewart. That the said W. M. Mayes and Lizzie Stewart be restrained and enjoined from further interferring with the peaceful possession of the said Evans of the said premises occupied by the said Evans. Let a copy of order be served on the said W. M. Mayes, Lizzie Stewart and B. F. Sample, Jr., immediately.

"Let Barnard B. Evans execute his personal bond in the sum of one hundred dollars to the said defendants under this

injunction, and a copy of said bond be served with this order."

Appellants made a motion on 25th May, 1907, to dissolve this injunction on the following grounds: "Because the Court was without jurisdiction to pass the said order, without a verified complaint in an action pending in the Courts of the State, or upon proof by affidavit of facts warranting such an order.

"Because the order passed violates the rights of W. M. Mayes and Lizzie Stewart to property without due process of law.

"Because the order referred to is illegal, unjust, and has been improvidently issued.

"Because whatever rights of Barnard B. Evans have been violated, if any, there is ample remedy at law for him and his redress must be according to the usual processes of law when they are ample."

On the hearing of this motion, the Chief Justice had before him the complaint of Barnard B. Evans and several affidavits submitted on behalf of appellants. The hearing resulted in the following order, dated 6th August, 1907: "A contention having arisen in this case between W. M. Mayes, landlord, and his tenant, B. B. Evans, as to the possession of certain property, a rule to show cause was issued by J. H. Etheridge, magistrate, under section 2423 of the Code of 1902, requiring B. B. Evans to show cause at his office on December 7, 1906, why he should not be dispossessed. The jury found that Mayes was entitled to possession. Evans appealed to the Circuit Court, alleging error on the part of the magistrate in refusing to sustain his demurrer to the jurisdiction of the Court, in that the magistrate called the case within two days of the date of the rule to show cause, and in that he failed to allow a change of venue on the affidavit of the respondent. Both contentions were sustained and the relator gave notice of appeal and served his exceptions. Thereafter, on the 13th of May, 1907, relator

began another action on the same subject-matter, and at the same time had the magistrate issue his distress warrant to the sheriff, ordering him to take into his possession respondent's property and dispose of it for the payment of past due rents. In order to restrain this second action pending the appeal in the former case, an injunction was issued by me on May 16, 1907. Later, after having heard both sides, another order was issued requiring things to remain in *statu quo* pending my further action in the matter. After due consideration of the circumstances,

"It is now ordered, that the injunction hereinbefore granted, restraining the prosecution of the second action, and the disposition of respondent's property for rents, be continued until the appeal in the former case be disposed of."

The appeal is from both the foregoing orders of injunction. There are several exceptions, but it will be necessary to consider only two grounds, as these will be sufficient to sustain the appeal.

The order of 16th May, 1907, required B. F. Sample, Jr., sheriff, to return the articles distrained and taken in his charge to the defendant, Evans. The Court, in *Pelzer* v. *Hughes,* 27 S. C., 408, 415, 3 S. E., 781 thus states the rule with respect to the issuing of injunctions: "The sole object is to preserve the subject of controversy in the condition in which it is when the order is made until an opportunity is afforded for a full and deliberate investigation. It can not be used to take property out of the possession of one person and put into that of another."

The other objection fatal to the orders is that the plaintiff, Evans, had an ample remedy at law to recover the possession of the property distrained. It is provided by section 2435 of Civil Code: "When goods and chattels have been restrained for rent reserved and due upon any lease or contract whatsoever, and the tenant whose goods have been taken shall not, within five days after such distress and notice thereof, replevy the same with sufficient security, to

be given according to law, then, in such case, the person making the distress shall cause the goods restrained to be appraised by two sworn appraisers, and, after such appraisement, sell the same, in the same manner as goods taken under execution are required by law to be sold."

There is nothing in the complaint to show there was any obstacle to prevent the plaintiff, Evans, from testing the claim for rent and the validity of the distress by appropriate legal proceedings to recover possession of his property.

The judgment of this, Court is that the two orders of injunction hereinbefore recited be reversed and the injunctions dissolved.

CIRCUIT JUDGES GAGE *and* PRINCE *sat in this case in place of* MR. CHIEF JUSTICE POPE *and* MR. JUSTICE GARY, *disqualified.*