### 7335

### NORTHWESTERN R. R. CO. v. COLCLOUGH.

1. INJUNCTION.—In an action to permanently enjoin the defendant from using the right of way of plaintiff and molesting its servants, a temporary restraining order, after answer claiming title, restraining defendant from using the lands and from preventing plaintiff's servants from going on them, virtually transfers the possession from defendant to plaintiff.

2. IBID.—A CIRCUIT JUDGE HAS POWER AT CHAMBERS to grant defendant an order restraining plaintiff from using land in dispute in an action in which he has made such order against defendant, as this latter order would have the effect of modifying his previous order and maintaining the status.

Before WILSON, J., Clarendon, August, 1908.    Reversed.

Action by Northwestern Railroad Company of South Carolina against S. M. Colclough. From refusal to grant restraining order against plaintiff, defendant appeals.

*Mr. J. J. Cauley,* for appellant, cites: *Defendant cannot be ousted of possession by temporary restraining order:* 144 U. S., 119; 4 S. C., 388; 27 S. C., 408. *Court alone can try the title:* 59 S. C., 371; 63 S. C., 348; 69 S. C., 481; 72 S. C., 381.

*Mr. Jos. F. Rhame* and *Purdy & O'Bryan.* contra, cite: *A railroad company cannot alienate any part of its right of way:* 86 Col., 279; 91 U. S., 454; 171 U. S., 261. *Use of track is an assertion of right to full width of way:* 64 Pac., 56; 63 S. C., 266; 67 S. C., 506.

October 23, 1909. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. The complaint alleges, in substance, that the plaintiff is the owner of a right of way through the land described in the complaint, extending one hundred feet on each side from the centre of its roadbed;

that the defendant, within the past two years, with notice of the plaintiff's rights, and without its consent, erected a fence thereon, within twenty-five feet of the roadbed, and certain houses, which are enclosed by the fence; that the same are of a permanent nature; that the defendant is using and occupying them, claiming to be the owner thereof; that they are an obstruction to the proper operation of its railroad, and that defendant's occupancy of its right of way is inconsistent with the purposes for which it was acquired; that it is necessary for said fence and houses to be removed, in order that plaintiff may make certain improvements necessary to the proper operation of its road; that it has demanded of defendant the removal thereof, and given him a reasonable time to comply with said demand, but that he has refused to do so; that when it undertook to enter upon the right of way, to make said improvements, the defendant had its employees arrested on a warrant for malicious trespass, and that he threatens to continue to prevent its use thereof.

Upon these allegations the plaintiff asks that the defendant be required to remove said fence and houses; that he be enjoined from further trespassing on its right of way, and from further interfering with its use thereof, and for damages for the alleged trespass.

Upon the verified complaint, and affidavits supporting the allegations thereof, his Honor, Judge Wilson, granted an order restraining the defendant, until the further order of the Court, from interfering with the plaintiff's agents and servants in going upon, working upon, and in any manner making use of said right of way for its corporate purposes.

From this order there was no appeal, but defendant made a motion to vacate it, which was refused because sufficient notice of the motion had not been given. After the refusal of his motion, the defendant obtained from his Honor a rule requiring plaintiff to show cause why it should not be enjoined, until the hearing, from entering upon said premises, the title to which is in dispute.

The application was based upon the affidavit of the defendant, that he was the owner of the lands covered by the right of way claimed by the plaintiff, and had good title thereto, and that he was, and for several years had been, in possession thereof, and denying that plaintiff had any title thereto, and alleging that there was no necessity for the plaintiff to go upon the right of way before the hearing, when the rights of the parties could be determined.

On hearing the return to the rule, his Honor refused to enjoin the plaintiff, and left his first order, restraining the defendant, in effect. The defendant appealed.

The exceptions make two points:

1. That it was error to refuse defendant's motion, because the practical effect was to transfer the possession of the property in dispute from the defendant to the plaintiff before their rights therein could be adjudicated.

2. That his Honor erred in deciding that plaintiff had shown a *prima facie* right to the easement, and that defendant had not shown anything in contravention of such right, thereby deciding on the merits of the case at chambers.

In *Pelzer* v. *Hughes, 27* S. C., 408-414, 3 S. E., 781, the Court used this language: "Injunction is defined to be a judicial process whereby a party is required to do or to refrain from doing a particular thing. It is, however, generally used (always before a decree on the merits) to prevent a meditated wrong, and, therefore, is regarded more as a preventative than as an restorative or remedial process. 'When during the litigation it shall appear that the defendant is doing, or threatens or is about to do, or procuring or suffering some act to be done in violation of the plaintiff's rights respecting the subject of the action, and tending to render judgment ineffectual, a temporary injunction may be granted to restrain such act.' Code, section 240. The sole object is to preserve the subject of the controversy in the condition in which it is when the order is made until an opportunity is afforded for a full and deliberate investigation. It cannot be used to

take property out of the possession of one person and put it into that of another."

The practical effect of the refusal of defendant's motion was, in view of the previous order, enjoining the defendant from interfering to prevent plaintiff's agents and servants from entering upon the premises in dispute—to transfer the possession of the premises from the defendant to the plaintiff.

It has been decided by this Court in numerous cases that a Judge cannot, on a motion at chambers, decide the merits of the case. *Seabrook* v. *Mostowitz,* 51 S. C., 433, 29 S. E., 202; *Cudd* v. *Calvert,* 54 S. C., 473, 32 S. E., 503; *Alston* v. *Limehouse,* 60 S. C., 568, 39 S. E., 188.

The plaintiff alleged that it had acquired title to the easement. This was denied by the defendant. This was made an issue, which the Judge could not decide at chambers.

The respondent's attorneys contend that the Judge could not have granted the defendant's motion because his first order was still in effect, and the matter was *res judicata.* The first order was *ex parte,* and it could have been vacated or modified on motion properly noticed.

The refusal of the Judge to entertain one motion, because proper notice had not been given, did not preclude a second motion. The defendant's motion for injunction against the plaintiff may be considered as, in effect, a motion to modify the previous order, by which the defendant had been enjoined from interfering with the plaintiff's agents and servants in going upon, working upon, and using the premises for its purposes. Now, if the plaintiff had been enjoined from entering upon the premises, as prayed for by the defendant, it would, in effect, have so modified the previous order as merely to have preserved the *status* until the hearing on the merits.

The order appealed from is reversed.