· 7937

ATLANTIC COAST LUMBER CORPORATION v. E. P. BURTON LUMBER CO.

INJUNCTION—CONSTITUTIONAL LAW.—In an action to enjoin trespass and cutting timber, both parties claiming title, defendant being in possession and having cut a quantity of timber, it is not compelling plaintiff to sell its timber to defendant and taking private property for private use, to permit defendant to remove the timber already cut upon its giving bond for adequate protection of plaintiff.

Before WILSON, J., Berkeley, May, 1910.   Affirmed.

Action by Atlantic Coast Lumber Corporation against E. P. Burton Lumber Company.   Plaintiff appeals.

*Messrs. Willcox & Willcox, Henry E. Davis* and *Octavus Cohen,* for plaintiff, cite: *Temporary injunction could not have been set aside:* 75 S. C. 220; 77 S. C. 81. *Destruction of timber is regarded irreparable injury:* 75 S. C. 220; 77 S. C. 81. *Court is not warranted in permitting defendant to buy timber of plaintiff by its bond:* 85 S. C. 10; 81 S. C. 561.

*Messrs. Nathans & Sinkler,* contra, cite: *Case presents a merely speculative question:* 35 S. C. 602; 17 Wall. 607. *Court should not enjoin removal of timber already cut:* 1 High. on Inj. 438-9. *Court cannot enjoin act already committed:* 75 S. C. 236.

July 5, 1911. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. Plaintiff brought this action for damages and injunction, alleging that it is the owner in fee of the land described in the complaint, and that defendant had trespassed thereon, and had threatened to continue trespassing thereon, by cutting and removing the timber therefrom. Upon the verified complaint, Judge Wilson granted an order restraining defendant from cutting or removing timber from the land in dispute, or from entering thereon. Plaintiff was required to give an injunction bond, as provided by statute, in the sum of $5,000.00.

The defendant answered, admitting that it had been and was cutting and removing the timber, but denied plaintiff's title to the land. Upon the answer, which was verified, and the affidavit of E. H. Burton, president of the defendant company, from which it appeared that defendant was and had been in actual possession of the land in dispute, and that, before the restraining order was issued, a large quantity of timber had been cut, which was then lying on the ground and would be ruined, unless it was sawed into lumber before the litigation could be ended, and that

defendant alone had the necessary logging equipment to handle it, the Circuit Judge, on motion of defendant, modified his preliminary order so as to allow defendant to remove the timber which had already been cut, upon its giving bond for plaintiff's protection in the sum of $5,000.00, the amount of damages alleged in the complaint.

From this order plaintiff appealed, contending that, in effect, it operates to compel the sale of its property to defendant, and is, therefore, a taking of private property for private use without consent of the owner, in violation of the inhibition of the Constitution.    It is clear that such contention is unsound.    Ordinarily, the purpose of an interlocutory injunction is merely to preserve the existing status during the litigation, and, as a general rule, subject to some exceptions which need not be mentioned here, it will not be allowed to have the effect of transferring the possession of property from a litigant in possession to another who claims the right to possession.    *Pelzer* v. *Hughes*, 27 S. C. 408, 3 S. E. 781; *Northwestern R. Co.* v. *Colclough*, 84 S. C. 37, 65 S. E. 950.    In this case, the plaintiff does not even allege that it was in the actual possession of the land or the timber which had been cut.    On the other hand, it appeared that defendant was in possession thereof, and it did not appear that its possession was tortiously obtained.    Therefore, the preliminary restraining order should have been modified so that it would not have the effect of depriving defendant of its possession of the land, though it was proper, on the showing made, to enjoin any further cutting of timber during the litigation. But as to the timber which had already been cut, the order appealed from was more favorable to plaintiff than it was entitled to, as a matter of right, because that timber, having been cut before the order was issued, had become personal property, and, as there was no allegation of insolvency of defendant or of irreparable injury to plaintiff growing out of the use thereof by defendant, the Court might well have

set aside the preliminary restraining order and left the plaintiff to its remedy at law, which, for aught that appears, was plain and adequate. 1 High. on Inj. (4 ed.), secs. 723, 728.

Affirmed.

MR. JUSTICE GARY *did not sit in this case.*