10294

## HOOD v. EDENS.

(101 S. E. 822.)

Injunction—Possession of Property Will Not Be Transferred by Preliminary Injunction.—Where defendant was in possession of real property, a preliminary injunction should not issue requiring him to surrender possession to plaintiff.

Before Wilson, J., Berkeley, Spring term, 1919. Affirmed.

Suit by James R. Hood against Charles S. Edens. From an order setting aside a temporary injunction, plaintiff appeals.

*Mr. Octavius Cohen,* for appellant, submits: *The temporary restraining order having been granted upon a proper prima facie showing, it was reversible error to dissolve it:* 69 S. C. 156; 107 S. C. 40; 69 S. C. 56; 62 S. C. 196; 67 S. C. 84; 42 S. C. 103; 94 S. C. 202; 51 S. C. 435. *The order dissolving the temporary injunction was in effect, an attempt to pass upon the merits and was, therefore, reversible error:* 67 S. C. 94; 51 S. C. 435; 54 S. C. 473; 62 S. C. 195. *A temporary restraining order should not be dissolved except to prevent irreparable injury or a miscarriage of justice:* 87 S. C. 301.

*Mr. E. J. Dennis* and *Messrs. Wolfe & Berry,* for respondent, submit: *When an injunction is granted without notice, the defendant may at any time before trial move to vacate:* Code of Civil Procedure 1912, sec. 277; 88 S. C. 121. *Injunctive process cannot be used to take property out of the possession of one, and put another in possession:* 27 S. C. 408. *The Judge may look to some degree to the merits in order to exercise a sound and just discretion:* 34 S. C. 345. *The complaint must allege facts sufficiently constituting a cause of action for injunctive relief, and it must appear from the entire showing that the temporary injunction is*

*necessary to protect the legal rights of the plaintiff, in view of all the surrounding circumstances:* 87 S. C. 568. *The action in the instant case is not solely for injunction—the complaint alleges damages and demands a thousand dollars damages for alleged trespass—hence it was not error to dissolve the temporary injunction:* 69 S. C. 159. *The issuance of a temporary injunction is a matter of exercising sound discretion:* 69 S. C. 159. *When plaintiff makes a proper showing. he is entitled to a temporary injunction in a case solely for injunctive relief; but later the defendant may come in and show that the injunction was improvidently issued and it will be dissolved:* 109 S. C. 285.

December 22, 1919.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an appeal from an order setting aside a temporary order of injunction. On the 25th day of January, 1918, the plaintiff and the defendant entered into an agreement, in the presence of two subscribing witnesses, which contains these provisions:

"This indenture between James R. Hood, the lessor, and C. S. Edens, the lessee, witnesseth: That the lessor agrees to lease to the lessee about twenty acres cleared land, known as a portion of the Pine Grove place, for agricultural purposes, to hold the same to the lessee, from the 1st day of January, A. D. 1918, to the 31st day of December, A. D. 1918. And the lessee on his part agrees to pay to the lessor, as rent for the same, sixty-five ($65) dollars, which shall become due and payable and deliverable, on or before the 1st day of October, A. D. 1918, at St. Stephens, S. C. * * * The lessee agrees to take good care of the premises, and to deliver possession of same, at the expiration of the lease, without further notice. * * * "

The plaintiff refused to lease the land to the defendant for the year 1919, but on the 20th of January, 1919, entered

into an agreement with E. T. Crawford for the use of the land during that year. The defendant did not abandon the land, or surrender its possession. When E. T. Crawford attempted to prepare the land for cultivation, the defendant threatened to use violence, and forced the tenants of Crawford to get off the premises. The title to the land is not involved, but merely the right to its possession. On the 25th of January, 1919, his Honor, Judge Bowman, made an order, without notice to the defendant, which provides:

"That the defendant, his agents, servants, employees, and all persons claiming by, through, under, or with him, be, and they are hereby, enjoined and restrained, until the further order of this Court, from entering upon the tract of land described in the complaint, or from plowing or otherwise trespassing thereon."

On the —— day of March, 1919, his Honor, Judge Wilson, on notice of a motion to the plaintiff, granted an order dissolving the temporary injunction, and the defendant appealed.

The practical effect of Judge Bowman's order was to take the land out of the possession of the defendant, and to deliver it to the plaintiff's lessee.

"It is not the province of a preliminary injunction to compel the transfer of property of any kind from one party to another. The party asking for an injunction is assumed to be in possession of the property in respect of which he demands protection, and all the injunction can require on the part of the opposite party is that he should forbear from interfering with that possession. He cannot be required to perform any act whatever. If the plaintiff cannot enjoy his rights without compelling the defendants to perform some act, he must wait until he has established them by his judgment." *Columbia W. P. Co. v. Columbia,* 4 S. C. 388; *Marion Co. v. Tilghman Co.,* 75 S. C. 220, 55 S. E. 337; *Montague v. Hood,* 78 S. C. 222, 58 S. E. 767; *Evans v. Mayes,* 81 S. C. 188, 62 S. E. 207; *Northwestern R. R. Co.*

*v. Colclough,* 84 S. C. 37, 65 S. E. 950; *Railroad Co. v. Railway,* 88 S. C. 464, 71 S. E. 34; *Lumber Corporation v. Lumber Co.,* 89 S. C. 143, 71 S. E. 820.

Parenthetically we should say, in fairness to his Honor, Judge Bowman, that on showing made before him for the preliminary restraining order it appeared that plaintiff was in possession of the land, and that defendant was trespassing thereon, and, therefore, that there was no error in granting the order. But, on the showing made before his Honor, Judge Wilson, on the motion to dissolve Judge Bowman's order, it was made to appear that defendant was in possession, and had never surrendered it to the plaintiff, and, therefore, Judge Wilson properly vacated Judge Bowman's order, in accordance with the principles herein stated.

Affirmed.