### 11844

#### QUEEN v. SWINK *ET AL.*

##### (131 S. E., 324)

1. Injunction—Injunction Cannot be Had Against One in Possession so Long as Original Injunction Granting Him Possession Remains in Force.—So long as injunction concededly proper obtained by lessee in possession against one holding under later lease remained in force, injunction will not issue against lessee in possession, since effect would be to transfer possession.

2. Injunction—Interlocutory Injunction is Merely to Preserve Existing Status During Litigation.—Purpose of interlocutory injunction is merely to preserve existing status during litigation, and will not be allowed to have effect of transferring property from a litigant in possession to another who claims right to possession.

3. Injunction—Owner Cannot Move for an Injunction Against Original Tenant While Injunction Against Owner Remains in Force.—Where one tenant secured injunction against another as to lands planted to crops and owner applied to be made party defendant, injunction is binding on him, and he cannot move for injunction against former tenant as long as original injunction remains in force.

Before Bonham, J., and J. M. Nickles, Special Judge, Cherokee, March, 1925.   Affirmed.

Suit by W. L. Queen against Bill Swink and another. From an order dissolving a restraining order against plaintiff and refusing defendants' motion for injunction *pendente lite* and continuing injunction against defendants, defendants appeal.

The third order and exceptions are as follows:

#### Third Order—Judge Nickles

This is a motion by defendant to enjoin the plaintiff from trespassing on the lands described in the complaint.

By.an order of Judge Bonham, dated February 27, 1925, the defendant Bill Swink was restrained and enjoined from trespassing or otherwise interfering with the crop of plaintiff, as alleged in his complaint. The plaintiff was required to execute a bond to this defendant, which was done.

Later, and on motion, E. Hardin was made a party defendant, and a copy of the amended complaint was served on him, and a bond in the sum of $200 required of plaintiff. In this order the defendant Hardin and his servants, etc., were enjoined from interfering with plaintiff in the making and harvesting of his crops. This order was made in open Court, at Gaffney, on March 17, 1925. The defendant Swink had already been enjoined. Later, and on April 17th, Judge Bonham made an order, which was not filed till April 21st, and after Court had adjourned at Gaffney, requiring plaintiff to execute another bond to each of the defendants, as objection to the sufficiency of the bonds had been questioned, and unless said bonds were executed that the injunctions be vacated. These bonds have been executed.

I do not think that the defendants, or either of them, should be allowed at this late day, to ask that the plaintiff be restrained and enjoined from gathering the crops which he has made a *prima facie* showing to be his, after he has been required to amend his complaint and bring in other parties, and to execute the bonds which he has been required to do, especially on motion of these very parties.

It is hereby ordered, adjudged, and decreed that the restraining order of Judge Bonham and the rule to show cause, dated April 28th, be and the same is hereby dismissed. It is further ordered that the rule issued by me on May 12th be and the same is hereby dismissed and vacated, and the former orders of Court wherein these defendants have been enjoined and restrained from interfering with plaintiff in the gathering of his crops be and the same are hereby continued of force, and that these defendants, their agents,

servants, and employes, are hereby restrained and enjoined from interfering with plaintiff in the making and harvesting of his crops, as stated in the complaint, for and during the pendency of this case on its merits.

I think the answer to the rule entitles plaintiff to this order.

### EXCEPTIONS ON APPEAL

His Honor, Judge J. M. Nickles, erred in the following particulars:

(1) In not granting to defendants a temporary injunction against the threatened acts of trespass on the lands of the defendants, for the reason that the pleadings make a sharp and emphatic issue of title to the lands of E. Hardin, the title of the defendant Bill Swink as tenant, and the title to the crops growing thereon, claimed by both plaintiff and the defendants; and the defendants having been enjoined by the plaintiff from disturbing the growing crops, the defendants had the right to have the plaintiff also enjoined from disturbing the crops until a hearing could be had on the merits, so that the status of the controversy might remain unchanged until the merits of the cause could be tried.

(2) In setting aside the temporary restraining order of Judge M. L. Bonham, it appearing that the same was necessary to preserve the rights of the defendants and preserve the status of the controversy until a trial on the merits, and prevent the removal of the crops by the plaintiff, since the defendants had already been enjoined from disturbing said crops at the instance of the plaintiff.

(3) In refusing to give defendants relief by injunction pending a trial on the merits, and in holding defendants off by injunction while giving to plaintiff the unrestrained privilege of entering on the lands of the defendant E. Hardin, in possession of the defendant Swink as tenant of E. Hardin, and gathering and removing the crops; the reason being that by so ordering his Honor decided the cause on the merits, adjudicated the right of the plaintiff to enter on

the lands in dispute and gather the crops thereon, the title to which is in dispute.

(4) In enjoining the defendants from interfering with the plaintiff in gathering and harvesting his crops, his Honor necessarily adjudges that the plaintiff has established ownership in the property in dispute; and his order No. 3, by holding the defendants off by injunction and allowing the plaintiff to enter on the disputed premises and gather and remove the crops, in effect, transfers absolutely the possession and control of the disputed property to the plaintiff, regardless of the issue of title.

(5) That by refusing to enjoin the plaintiff from interfering with the crops on the lands of the defendants, while continuing the injunction in favor of the plaintiff and against the defendants, his Honor Judge Nickles, not only in effect determined the case on its merits, awarding the right of possession absolutely to the plaintiff, but also disregarding the issue of title and the right to the possession of the crops under claims of ownership by the defendants.

(6) That by enjoining the defendants and refusing to enjoin the plaintiff, and by allowing the plaintiff unrestricted right to enter on the land of the defendants and gather and remove the crops therefrom, his Honor erred in disregarding the issue of title, and also the alleged agreement claimed by plaintiff to be wholly of frauds; the error being that, if the defendants prove that, by refusing to enjoin the plaintiff from verbal lease made in one year to take effect in the future, or for a longer period than one year from the making of such agreement, then the plaintiff fails wholly to establish his claim to the crop, and the defendant Swink, as subsequent lessee in possession without notice, will not be affected by such verbal and unrecorded lease or contract.

The judgment below should be reversed, and the case remanded for such proceedings as may be proper and necessary to protect the defendants.

*Messrs. Butler & Hall,* for appellants, cite: *Issue of*

*title to realty triable only by jury:* 63 S. C., 38; 61 S. C., 1. *Purpose of injunction is to preserve status:* 85 S. C., 530; 84 S. C., 37; 81 S. C., 188; 74 S. C., 178; 62 S. C., 196; 27 S. C., 408.

*Mr. G. W. Speer* for respondent.

December 22, 1925.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

On account of certain inaccuracies in the opinion herein filed on October 26, 1925, which has been called to the attention of the Court by the appellants in a petition for a rehearing, that opinion is withdrawn and the following is substituted in lieu thereof:

This is an appeal from an order of Special Judge, Hon. J. M. Nickles, dissolving a restraining order signed by his Honor, Judge Bonham, Circuit Judge, against the plaintiff; refusing the motion of the defendants for an injunction *pendente lite,* against the plaintiff; and continuing of force the injunctions ordered by Judge Bonham against the defendants.

The plaintiff's case is this: That in September, 1924, he rented a farm from the defendant Hardin (we assume for the year 1925, although it is not so stated in the complaint) at a certain rental; that he had rented the same farm from Hardin for several years previously, at the same rental; that he, immediately upon making the contract with Hardin, planted about 20 acres of bottom land and some upland, in clover, oats, and rye; that later he and Hardin had a disagreement and by mutual consent the contract for 1925 was called off, and all of the land he expected to cultivate for the year 1925 was surrendered by the plaintiff, except that part which he had sowed down, for which he expected to pay the stipulated rental of a certain part of the crop gathered; that thereafter the defendant Hardin, the landlord, rented all of the place except the land planted by

the plaintiff, to the defendant Swink, who took possession and expressed his determination to occupy and cultivate all of it, including the part which the plaintiff had sowed down and which had been expressly reserved by Hardin in his contract with Swink; notified the plaintiff not to come upon the place and threatened to plow under a part of that reserved and gather the crops which belonged to the plaintiff.

The defendant Swink denied any knowledge of the alleged reservation; claimed that he had rented the entire place from Hardin and intended to claim his rights under the contract; and pleaded the statute of frauds against any such reservation. The defendant Hardin denied that he had made any such reservation in favor of the plaintiff, but on the contrary alleged that the plaintiff had voluntarily rented other lands and abandoned all interest in the crop which he had planted. He also pleaded the statute of frauds.

When the suit was commenced, the plaintiff obtained from Judge Bonham a temporary injunction against the defendant Swink, who at that time was the only defendant, enjoining him from interfering with the plaintiff in the making and gathering of the crops which he had planted upon the alleged reservation. The plaintiff was required to and did give bond of $500, conditioned upon his paying to the defendant Swink all damages which he might sustain by reason of the injunction. Thereafter the defendant Swink gave notice of a motion before Judge Bonham for an order (1) vacating the temporary injunction made at the commencement of the action; (2) failing in that, that Hardin the landlord be made a party defendant to the action; (3) in the event that the Court should refuse to vacate the injunction, that the plaintiff be required to execute a bond to said Hardin.

Counsel for the defendants state in their points and authorities submitted upon the petition for a rehearing:

"When this motion came up, the attorney for the defendant, realizing that the complaint of the plaintiff, alleging

possession of the land on which the crops were planted, as shown by the second paragraph of the complaint, and also the alleged threatened acts on the part of the defendant Bill Swink, had made out a *prima facie* case for a temporary injunction; and the Court, Judge Bonham, was asked merely to make E. Hardin a party and to protect his right by a bond to be executed by plaintiff."

Upon the hearing of the motion Judge Bonham passed the following order:

"This is a motion by E. Hardin to be made a party defendant, etc. The motion is granted, and he is required to serve his answer within 10 days from the rising of the Court. Let the plaintiff execute to the said Hardin a bond in the sum of $200, conditioned to pay him such damages as he may sustain by reason of the injunction if the Court shall finally decide that the plaintiff is not entitled to this injunction. Let the bond be approved by the Clerk of this Court and that the said E. Hardin, his agents and servants and representatives, be and they are hereby enjoined from interfering with the plaintiff in the working and gathering of said crops, or interfering with same."

It is not claimed by the defendants that the plaintiff did not execute the bond to Hardin, required by this order, and we assume that he did. The plaintiff, however, having failed to serve Hardin with a copy of the summons and complaint, amended in conformity with the order, the defendant Swink thereafter gave notice of a motion before Judge Bonham for an order: (1) Vacating the injunction on the ground that it had been improvidently issued; (2) failing in this, that the bond executed to Swink be strengthened; (3) vacating the injunction upon the ground that the bond had not been approved; (4) vacating the injunction upon the ground that the amended pleadings had not been served upon Hardin; (5) that Hardin be made a party and the amended pleadings be served upon him.

Again, as upon the first motion, the matter of vacating

the injunction, although a ground of the motion, was not pressed, we assume for the same reason as given above by counsel explaining why it had not been pressed on the first motion. Thereupon Judge Bonham passed an order requiring the amended pleadings to be served upon Hardin within 10 days and that he answer; that both the bonds given to indemnify Swink and Hardin be strengthened, under a penalty of vacating the injunctions which had been issued against both of them. Shortly thereafter the amended pleadings were served upon Hardin, who answered and, we assume, the bonds were strengthened.

On the day after the answer of Hardin was served, the defendants applied for and obtained from Judge Bonham an order requiring the plaintiff to show cause at a certain time why he should not be enjoined from entering upon the premises and from gathering the crop thereon and temporarily restraining him. Judge Bonham having left the Circuit, and the resident Judge being ill, the rule to show cause came on to be heard before Hon. J. M. Nickles, Special Judge, presiding in the Seventh Circuit. He signed an order discharging the rule to show cause issued by Judge Bonham, dissolving the temporary restraining order, and continuing of force, "during the pendency of this case on its merits," the original order of injunction signed by Judge Bonham, directed against the defendants for the reasons stated in his third order, which will be reported. From this order the defendants have appealed upon exceptions which will also be reported.

The defendant Swink, by his counsel, concedes that when the original injunction, at the instance of the plaintiff, was issued, the complaint showed a *prima facie* right in the plaintiff to a temporary injunction, for the reason that it alleged that the plaintiff was in possession of the premises; that for this reason the motion to vacate the injunction was not pressed. Apparently for the same reason Swink's second motion, so far as vacating the in-

junction was concerned, was likewise not pressed. Clearly, therefore, Swink was without right to move for an injunction against the plaintiff so long as the original injunction, concededly proper, continued of force, for if granted it have had the effect of transferring the possession from the plaintiff to Swink. It is held in *Hood v. Edens,* 113 S. C., 185; 101 S. E., 822:

"Where defendant was in possession of real property, a preliminary injunction should not issue requiring him to surrender possession to plaintiff."

The same rule, of course, applies where the plaintiff is in possession and the defendant moves for an injunction.

In *Columbia Co. v. Columbia,* 4 S. C., 388, it is said (quoted with approval in *Hood v. Edens*):

"It is not the province of a preliminary injunction to compel the transfer of property of any kind from one party to another. The party asking for an injunction is assumed to be in possession of the property in respect of which he demands protection, and all the injunction can require on the part of the opposite party is that he should forbear from interfering with that possession. He cannot be required to perform any act whatever. If the plaintiff cannot enjoy his rights without compelling the defendants to perform some act, he must wait until he has established them by his judgment."

The purpose of an interlocutory injunction is merely to preserve the existing status during the litigation, and will not be allowed to have the effect of transferring the possession of property from a litigant in possession to another who claims the right of possession. *N. W. Railway Co. v. Colclough,* 84 S. C., 37; 65 S. E., 950. *Atlantic Coast Lumber Corp. v. Lumber Co.,* 89 S. C., 143; 71 S. E., 820. *Pelzer v. Hughes,* 27 S. C., 408; 3 S. E., 781. *Evans v. Mayes,* 81 S. C., 188; 62 S. E., 207. *Darlington Co. v. Pee Dee Co.,* 62 S. C., 196; 40 S. E., 169. *Wilder v. Alderman,* 74 S. C., 178; 53 S. E., 950. *Atlan-*

*tic Coast Line R. Co. v. Moise,* 85 S. C., 530; 67 S. E., 785. *Hood v. Edens,* 113 S. C., 185; 101 S. E., 822.

The case of *Northwestern R. Co. v. Colcough,* 84 S. C., 37; 65 S. E., 950, is entirely in accord with this proposition. There the railroad company claimed a right of way over the defendant's land. The defendant had inclosed a part of the claimed right of way with a fence and had erected certain buildings thereupon. The defendant was in possession of the premises in dispute. The railroad company procured an order enjoining the defendant from interfering with its entry upon the premises—an *ex parte* temporary injunction. Later the defendant moved for an order enjoining the railroad company from entering upon the premises in his possession. The Circuit Judge refused the motion. Upon appeal his order was reversed upon the ground that:

"The first order was *ex parte,* and it could have been vacated or modified on motion properly noticed.   *   *   * The defendant's motion for injunction against the plaintiff may be considered as, in effect, a motion to modify the previous order, by which the defendant had been enjoined from interfering with the plaintiff's agents and servants in going upon, working upon, and using the premises for its purposes."

The Court held that the practical effect of the refusal of the defendant's motion to enjoin the railroad company, in view of the previous order enjoining the defendant from interfering with the railroad company's entry upon the premises in possession of the defendant, was to transfer the possession from the defendant to the railroad company, in violation of the rule above stated.

So here, the practical effect of granting Swink's motion to enjoin the plaintiff from entering upon the land, in possession of the plaintiff under the allegations of the complaint, would have been to have transferred the possession from the plaintiff to Swink.

Inasmuch as it appears that the order requiring the plaintiff to make Hardin a party defendant was signed (so the order recites) upon the application of Hardin, he is not in a position to claim that the injunction upon him contained in that order is not binding upon him; he applied for it and accepted those parts of it beneficial to him; he cannot accept the benefits and repudiate the burdens. Hardin therefore stands in the same situation as Swink and can with no greater efficacy than he move for an injunction against the plaintiff.

The fear expressed by the appellants that the order of Special Judge Nickles amounts to a decision of the case upon the merits is entirely groundless. The case should proceed to trial upon the merits.

The judgment of this Court is that the order appealed from be affirmed.

MESSRS. JUSTICES WATTS and MARION and MR. ACTING ASSOCIATE JUSTICE R. O. PURDY concur.

MR. CHIEF JUSTICE GARY did not participate.