16253

OGILVIE v. SMITH

(54 S. E. (2d) 863)

*Messrs. Joseph Fromberg and Walter B. Wilbur,* of Charleston, *for Appellant,*

*Messrs. S. S. Seideman and H. L. Erckmann,* of Charleston, *for Respondent,*

August 12, 1949.

TAYLOR, Justice.

This appeal stems from a controversy between the same parties and out of the same facts as stated in Case No. 3135 entitled *Ogilvie v. Smith,* S. C., 54 S. E. (2d) 860, except here plaintiff is appellant while in No. 3135 she was the respondent. Both cases were presented to this Court jointly

and are being so considered. Therefore, the statement of facts set forth in the companion case are applicable to this case except that after the appeals were docketed this Court issued the following order:

"The appellant above moved for supersedeas pending the appeal in this action in which an automobile, described in the pleadings, was seized by the Sheriff of Charleston County pursuant to order of the Court of Common Pleas but was released to possession of the defendant upon dissolution despite timely appeal by plaintiff.

"After hearing argument, it is

"Ordered that the Sheriff repossess the automobile and keep it in his possession pending the appeal, or until the further order of this Court, unless the defendant file bond in the office of the Clerk of Court for Charleston County within ten days from the date of this order in the amount of Seven Hundred and Fifty ($750.00) Dollars, to be approved by said Clerk, conditioned that the surety or sureties will, on demand, pay to the plaintiff the amount of any judgment that may be recovered against the defendant in the second cause of action in the complaint not exceeding the sum specified in the undertaking.

"Columbia, South Carolina
"April 14, 1949"

The sole question for determination in this appeal is whether or not the Court erred in dismissing the rule to show cause, directing that the car be returned to defendant and requiring plaintiff to pay the cost of impounding the car. Plaintiff alleged that through fraud and deceit defendant obtained from her the sum of $1,500.00 to be used as part payment on the car, which was to be jointly owned and defendant had breached this trust in that he had purchased the car in his own name, taken exclusive possession of and continued to use it as his own. Defendant, in his verified return, denied that plaintiff was to have any interest in the car, but that the $1,500.00 was a loan which was repaid

within a few days thereafter. The trial Judge has no right to assume the correctness of plaintiff's contention in view of defendant's sworn statements to the contrary and this Court is of the opinion that he was eminently correct when he says that plaintiff's and defendant's statements place them "in diametrical contradiction to each other: each swearing under oath that what he and she says is true and leaves this Court in absolute and complete doubt as to where the truth lies * * *. The truth between these parties can be determined only by a trial".

In *Blanton v. Heckscher,* 101 Va. 42, 42 S. E. 915, it was held (quoting from the syllabus) "In a suit against a trustee by the beneficiaries to compel him to account for certain moneys received by him for the benefit of the trust, an order compelling him to pay the fund into court is erroneous when made upon an interlocutory application, where he denies all liability". And in *Columbia Water Power Co. v. City of Columbia,* 4 S. C. 388, this Court said: "It is not the province of a preliminary injunction to compel the transfer of property of any kind from one party to another. The party asking for an injunction is assumed to be in possession of the property in respect of which he demands protection, and all the injunction can require on the part of the opposite party is that he should forbear from interfering with that possession. He cannot be required to perform any act whatever. If the plaintiff cannot enjoy his rights without compelling the defendants to perform some act, he must wait until he has established them by judgment."

See also *Hood v. Edens,* 113 S. C. 185, 101 S. E. 822; *Queen v. Swink,* 134 S. C. 21, 131 S. E. 324.

For the foregoing reasons this Court is of the opinion that the order appealed from should be affirmed. That the order of this Court dated April 14, 1949 be revoked and the Sheriff directed to deliver possession of the car to defendant without prejudice to plaintiff to pursue such other remedy as might be appropriate in the premises, and it is so ordered.

Judgment affirmed.

BAKER, C. J., and FISHBURNE, STUKES and OXNER, JJ., concur.