16389

BRYANT *ET AL.* v. EPPS *ET AL.*

(60 S. E. (2d) 685)

*Messrs. DuRant & DuRant,* of Manning, *for Appellants,*

*Messrs. Connor & Connor,* of Kingstree, *for respondents,*

July 27, 1950.

TAYLOR, Justice.

This action was brought by the appellants individually and as officers of the Brewington Hunting Club, an unincorporated association, alleging that the Brewington Hunting Club had leased ten thousand acres of land in Black River Swamp for deer hunting purposes; that access to a portion of this swamp is by means of roads crossing the lands of the respondents; that the respondents have obstructed the use of these roads by the appellants, and request a temporary and

permanent injunction enjoining the respondents from obstructing appellants' use of said roads. An ex parte order for a temporary injunction was granted by his Honor, Judge William H. Grimball, on November 10, 1949, restraining the respondents from interfering with the use of these roads by the appellants. A motion was made by the respondents to vacate said temporary injunction and his Honor, Judge J. Frank Eatmon, handed down the following Order on November 26, 1949:

"Order

"The action above entitled comes to this Court upon motion of the Defendants above named to vacate and set aside a temporary injunction heretofore issued herein under date of November 10th, 1949, which restrained and enjoined the Defendants from 'placing obstructions or continuing any obstructions interfering with the passage of the Plaintiffs' along certain roads in Clarendon County extending from highways or public roads to Black River Swamp 'until further order of the court.' Upon this motion Plaintiffs and Defendants offered numerous affidavits and Counsel for the parties were fully heard on their contentions. Since that time careful and painstaking consideration has been given the cause.

"Time will not permit lengthy discussion here of the contents of the said affidavits nor of the several contentions of counsel and the Court will content itself with only a few brief remarks as forming the basis for the conclusion hereinafter reached. It cannot be questioned that the roads that Plaintiffs seek to use here pass across lands in the actual possession of the Defendants and such roads were in the exclusive possession of the Defendants at the time that the temporary injunction was granted. Hence, the effect of such injunction was and is to transfer the possession of property from the possession of the Defendants into the possession of the Plaintiffs. This cannot be done. I consider as directly in point here the case of *Pelzer v. Hughes,* 27 S. C. 408, 3 S. E. 781, and quote therefrom as follows:

" 'The sole object (of a temporary injunction) is to preserve the subject of controversy in the condition in which it is when the order is made, until an opportunity is offered for a full and deliberate investigation. *It cannot be used to take property out of the possession of one person, and put it into that of another.'* (Emphasis added.)

"It is not alleged in the Complaint nor was it argued by Counsel for Plaintiffs that the Defendants are insolvent and cannot be made to respond in damages to any judgment that the Plaintiffs might recover in this action, nor do they allege that they cannot be compensated in damages for the alleged wrongful acts and conduct of the Defendants. It is argued that it will be difficult to ascertain and determine the amount of damages that the Plaintiffs may suffer, but this in itself is not, in the opinion of the Court, a sufficient ground upon which to base a temporary injunction.

"The Complaint alleges that the Defendants have no other practicable and feasible entry to Black River Swamp between Midway Highway and the Williamsburg County line, about five miles distance, save along the four roads in question. The affidavits upon this point are in hopeless conflict. Affiants for Plaintiffs affirm these allegations while those for the Defendants allege specifically to the contrary. Considering the small amount of acreage involved here in comparison with the total acreage that the Plaintiffs have under lease for the purpose of hunting (approximately 1,500 acres out of 10,000 acres) and the nature of the rights (hunting Purposes) that the Plaintiffs seek to exercise in the use of said roads, I am of the opinion that the Plaintiffs can, during the pendency of this action, enjoy their rights under their hunting lease, at least substantially, over the area in question without the aid and use of the roads involved in this controversy.

"In any event I feel that this is a doubtful case for the granting of a temporary injunction and after weighing the nature and extent of the injury that will arise to either of

the parties, I am of the opinion that substantial justice will be done by vacating and rescinding the order heretofore granted. See *Pelzer v. Hughes, supra,* and *North Western R. Co. of South Carolina v. Colclough,* 84 S. C. 37, 65 S. E. 950. The last citation, it is interesting to note, was appealed by the Defendant upon grounds very similar to the proposition first set forth herein and the Defendant there, represented by Counsel for the Plaintiffs here prevailed in his appeal.

"Under all of the circumstances of the case at bar and exercising that discretion vested in the Court in such matters, it is

"Ordered, That the Temporary Injunction issued against the Defendants above named under date of November 10th, 1949, be, and the same is hereby vacated and rescinded and the same is adjudged to be of no further force or effect."

After carefully considering the pleadings and affidavits submitted by both sides in this case, along with the reasoning of Judge Eatmon, we are constrained to hold that this matter was for the Trial Court to determine in its discretion and that no abuse of such discretion has been shown. Therefore, the Order appealed from should be affirmed, and It Is So Ordered.

BAKER, C. J., and FISHBURNE and OXNER, JJ., concur.

STUKES, J., concurs in result.